DAVID WHITTIER & al. versus JOSHUA HEMINWAY.

If an execution be delivered to an officer for collection, and he pays the amount thereof of his own money, to the creditor, and retains the execution in his own hands until it cannot be renewed, he cannot maintain an action for his own benefit on the judgment in the name of the creditor against the debtor.

DEBT on a judgment. A brief statement of payment of the judgment was filed with the general issue. The parties agreed upon a statement of facts, and upon what a witness testified.

A judgment, as declared upon, was rendered in 1830, and an execution was issued thereon. R. B. Allyn, Esq., original attorney of the plaintiffs, testified that immediately after the issuing of the execution, which was dated Nov. 1, 1830, he delivered the same to Isaac Allard, a deputy sheriff and the same who served the writ, for collection; that on July 14, 1831, said Allard paid to him, as attorney of the plaintiffs, the full amount of the execution, and he immediately afterwards paid the same to the execution creditors, the present plaintiffs.

This action is brought for the benefit of said Isaac Allard, who has hitherto kept, and still has the execution.

If the Court should be of opinion that the action can be maintained upon the principles of law, the cause is to be tried by a jury; otherwise the plaintiff is to become nonsuit.

*Crosby*, for the plaintiff, said that it was well settled, that an action of debt might be maintained in the name of the creditor upon a judgment, which has been assigned. The officer may well be the assignee. Here no question is raised in the statement respecting the validity of the assignment. Nor does the question whether the judgment has been satisfied by the defendant, come up here. That is for the jury. The delivery over of the evidence of the debt is a valid assignment. *Allen* v. *Holden*, 9 Mass. R. 133; *Dunn* v. *Snell*, 15 Mass. R. 481.

*J. Williamson*, for the defendant, said that the officer, having an execution in his hands to be collected of the debtor,

could not by paying the debt to the creditor, substitute himself in his place, and maintain an action on the judgment in the name of the creditor, who had been fully paid, against the debtor. The authorities are clear against it. If the execution has once been paid to the creditor, no action can be maintained upon the judgment, whether such payment was with the money of the debtor or the officer. *Stevens* v. *Morse,* 7 Greenl. 36; 7 Johns. R. 426; 15 Johns. R. 443.

But here the creditor never gave his assent to the bringing of the suit, and never made any assignment of the claim. This is an entirely different question from one, where the creditor sold and assigned his judgment, and received the payment as the consideration thereof, and not in satisfaction of his debt.

The opinion of the Court was drawn up by

WHITMAN C. J. — The cases of *Allen* v. *Holden,* 9 Mass. R. 133; and *Dunn* v. *Snell & al.* 15 ib. 481, are in principle very distinguishable from this case. In those cases the officers, having executions, had paid the creditors, upon having assignments of the debts made by them, for their benefit; the debtors never having paid the same to the officers. Here the officer, who held the execution, paid the debt to the creditor, without intimating, so far as appears, that he had not collected the same of the debtor. In such case the debt, so far as the plaintiff was concerned, was extinguished; and he could not, surely, for his own benefit, have sued and have recovered upon the judgment, by virtue of which the execution had issued. And the officer could have no right to do so in the name of the creditor. He could in no sense be considered as an assignee, either at law or in equity. The case of *Stevens* v. *Morse,* 7 Greenl. 36, and cases there cited, are directly opposed to the positions contended for by the counsel for the plaintiff.

*Plaintiff nonsuit.*