# DAVID E. DAY

### *v.*

# A. G. HUMPHREY *et al.*

1. PAYMENT—*as to surety.* If the principal in a promissory note borrows money with which to pay the same, and, on paying the sum due thereon, the note is delivered to him and the party advancing the money, and it is afterwards arranged between them that the note shall be indorsed by the payee to the party making the loan, the surety not being present

or consenting thereto, this, in law, will be a payment of the note, as to the surety.

2. PRACTICE—*judgment as to defendant making no defense.* In a suit upon a note against principal and surety, where the surety alone defends, and the issues are found in his favor, if the plaintiff does not ask for any judgment against the principal, he can not assign for error that the court did not render such judgment.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of assumpsit, by David E. Day against A. G. Humphrey and W. S. Hinckley, upon a promissory note. The opinion of the court states the facts of the case.

Messrs. DOUGLASS & HARVEY, for the appellant.

Messrs. KITCHELL & ARNOLD, for the appellee Hinckley.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action is upon a promissory note, and the principal defense relied on is that the note was fully paid to the payee before it was assigned to plaintiff. We think the evidence sustains the finding, on the plea of payment.

The note was for $200, bears date July 24, 1870, was made payable to the cashier of the First National Bank of Galesburg, was signed by A. G. Humphrey and W. S. Hinckley, defendants in this suit, and was payable four months after date. It is proven, Humphrey was principal and Hinckley surety on the note. About the time the note became due, Humphrey applied to plaintiff to borrow $200, until the first of April following, with which to take up the note in bank. Plaintiff agreed to let him have it. After some negotiations, Humphrey and plaintiff met in the bank. when plaintiff gave the bank his check for $200, and Humphrey paid the balance of the interest, and the cashier surrendered the note to them.

Previous to this interview, it does not appear that anything

had been said between plaintiff and Humphrey as to what
security, if any, he was to give, but at this time Humphrey
proposed to give his note, payable on the first of April follow-
ing, but plaintiff, on examination, said the old note was
"good enough." It was then suggested the bank should in-
dorse the note, which it did, without recourse.

While the evidence is slightly conflicting, we think it
greatly preponderates in favor of the proposition that the
legal effect of what the parties did was the payment of the
note to the bank. There is no pretense the bank ever sold
the note to plaintiff. The idea of indorsing the note was
suggested after it had been passed over the counter to the
parties, as having been paid. It was returned to the bank,
after some consultation between them, to be indorsed to
plaintiff.

The note may have been good, as against Humphrey,
in the hands of plaintiff, but as to Hinckley it is different.
He was not present, and consented to no arrangement about
the matter. As to how the note was paid, Humphrey states,
in his testimony, the note was not indorsed in his presence,
but the cashier of the bank thinks it was. Conceding the
note was indorsed exactly as the cashier says it was, the
arrangement could not bind Hinckley, who was a mere
security, and was not present, consenting to it. The $200
paid to the bank to take up the note, was, in fact, a loan
by plaintiff to Humphrey, to be repaid on the first of the
ensuing April. The conduct of the parties is inconsistent
with any other theory of the case. The note was taken up
on the 10th of December, 1870, but it was never presented to
Hinckley for payment until 1874, and in the meantime Hum-
phrey had become insolvent. The contest in the case is be-
tween the security for Humphrey and his creditor, and the
facts proven raise no equities in favor of the latter as against
the former.

There can be no objections sustained to the instructions

given for defendants. Indeed, the instructions, considered together, state the law favorably for plaintiff.

Humphrey made no defense in the court below, nor is there any appearance on his behalf in this court. The pleas were all filed by Hinckley. Notwithstanding the issues on Hinckley's pleas were found in his favor, it is claimed the court, under the recent statute, should have rendered judgment against Humphrey. It is a sufficient answer to the position assumed, that plaintiff did not ask for any judgment against him. Had he asked for judgment against Humphrey, and it had been refused, the decision of the court could have been assigned for error.

The justice of the case seems to us to be clearly with defendant Hinckley, and the judgment must be affirmed.

*Judgment affirmed.*