HENRY W. LANCEY, Appellant, *v.* JOSIAH G. CLARK, Respondent.

Defendant made his promissory note for the accommodation of the firm of Lambert & Lincoln, who procured it to be discounted and the proceeds were passed to their credit. Before the note matured Lincoln wrote to plaintiff to take up the note and to furnish money for that purpose. Plaintiff sent the money to Lincoln who placed it in bank to his individual credit, and on the day the note fell due took up the note with his individual check. He did not assume to act for plaintiff or ask to have the note transferred to any one. He asked to have the note protested so that he could hold the indorser and maker after protest. He sent the note to plaintiff. In an action upon the note, *held,* that plaintiff did not take title from the bank but from Lincoln, and subject to any defence against it in the hands of the latter; that the bank could not be made a seller without its knowledge or consent and did not transfer the note but only took payment, and that plaintiff could not recover.          ·.

(Argued February 4, 1876; decided February 15, 1876.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee and granting a new trial. (Reported below, 3 Hun, 575.)

This action was brought upon a promissory note made by defendant, payable to the order of Frederick Lambert, who was at the time one of the firm of Lambert & Lincoln. The note was made for the accommodation of said firm and was discounted by the North River Bank and the proceeds passed to the credit of the firm. Soon after the firm was dissolved,

Lincoln agreeing to settle up the firm business. About a week before the note matured Lincoln wrote to the plaintiff, who lived in Canada, asking him to take the note and to send money to take it up; this the plaintiff did. Lincoln deposited the money in the bank to his individual credit and upon the day the note fell due gave his check for the amount thereof. He received the note and directed the clerk to have it protested " to hold the indorser and maker." Nothing was said by him about a purchase or transfer of the note or that he was acting as agent, and plaintiff's name was not mentioned nor the bank informed that the money belonged to plaintiff. The note was protested and then sent by Lincoln to plaintiff. It was not canceled by the bank.

*Thos. H. Hubbard* for the appellant. The note did not lose its negotiability when it matured. (*Leavitt* v. *Putnam*, 3 N. Y., 494, 498; *St. John* v. *Roberts*, 31 id., 441, 442.) A delivery by the bank was a sufficient transfer. (2 Pars. on Bills and Notes, 33, 37.) Lancey's money paid for the note and gave him good title to it. (*Van Allen* v. *Am. Nat. Bk.*, 52 N. Y., 1; *F. and M. Bk.* v. *King*, 57 Penn. St., 207.) Lancey took the note subject only to defences existing against it in the hands of the bank when it matured. (*Britton* v. *Hall*, 1 Hilt., 528; *Corbitt* v. *Miller*, 43 Barb., 305; *Shell* v. *Tilford*, 4 N. Y. Leg. Obs., 317.) Even if the bank had done nothing showing an intention to keep the note alive as an existing obligation, its payment by Lancey would not necessarily have extinguished it but he might still have maintained his action on it. (2 Pars. on Bills, 216; *Kemp* v. *Balls*, 28 E. L. and Eq., 498; *Benedict* v. *De Groot*, 1 Abb. Ct. App. Dec., 125.)

*C. F. Brown* for the respondent. The transaction between Lincoln and the bank at the maturity of the note amounted in law to a payment of it. (*Easton* v. *Plumer*, 32 N. H., 238; *Lazarus* v. *Corrie*, 3 Q. B., 459.) Plaintiff was not a *bona fide* holder of the note in suit. (*Pine* v. *Smith*, 11

Gray, 38; *Chester* v. *Dorr*, 41 N. Y., 279; *Bk. of U. S.* v. *Davis*, 2 Hill, 451; *Small* v. *Smith*, 1 Den., 583; *Seybel* v. *Nat. Curr. Bk.*, 54 N. Y., 302.)

EARL, J. The defendant made the note in suit for the benefit and accommodation of the firm of Lambert & Lincoln. It was discounted and the proceeds passed to their credit by the North River Bank. Each member was therefore bound, as to the maker, to pay the note, and thus save him from liability on account thereof. Before the note became due the firm was dissolved, and Lincoln was to close up its business. Plaintiff lived in Canada, and Lincoln wrote him, requesting him to take up the note and furnish the money for that purpose. Plaintiff, a few days before the maturity of the note, sent Lincoln the money, which he placed in the bank to his individual credit. On the day the note fell due he went to the bank, and, by his individual check, paid the note to the discount clerk, who knew at the time that it was an accommodation note. He did not assume to act as agent for any one, and did not ask to have the note transferred to any one, and did not mention plaintiff's name in any way. It is true that he asked to have the note protested so that he could hold the indorser and maker, but he did not disclose why he wanted to hold them. After he had thus paid and taken it, he sent it to the plaintiff. Upon such a state of facts, did plaintiff take his title from the bank or from Lincoln? If he took it from the bank, he took the place of the bank, and his title and right to enforce it were as good as those of the bank at the time he took it. But if he took it from Lincoln. it being past due, he took it subject to any defence defendant could have made if sued by Lincoln, and in such case defendant's defence would have been perfect. He could not be successfully sued by either of the persons for whose accommodation he made the note.

Plaintiff did not take title from the bank. It matters not that he furnished the money, and that Lincoln promised to use it in taking up this note for him. It matters not that

the note was protested so that the indorser and maker could be held, or that the bank did not intend absolutely to discharge and cancel the note. The question is, did the bank transfer or sell the note to the plaintiff? To make a sale or transfer takes two parties, one to sell and the other to buy, and the bank could not be made a seller without its knowledge or consent. It was not bound to sell or transfer the note. All it was bound to do was to surrender it upon payment by the person liable to pay it. A seller in such a case incurs some obligation by the sale, although he does not indorse the paper. He impliedly warrants that the paper is genuine and all it purports to be on its face, and he cannot be drawn into this implied warranty without his consent. (*Eastman* v. *Plumer*, 32 N. H., 238; *Delaware Bank* v. *Jarvis*, 20 N. Y., 226; *Morrison* v. *Currie*, 4 Duer, 79; *Aldrich* v. *Jackson*, 5 R. I., 218; 2 Parsons on Notes and Bills [2d ed.], 37.) All the bank did in this case was to take payment of the note, and deliver it up to a party paying and liable to pay, after protesting it, so that he could make such use of it as as the law and the facts would authorize. It did not transfer or intend to transfer it. The plaintiff, therefore, took no title to it from the bank, but he took it from Lincoln, and cannot, therefore, enforce it against the defendant.

The order of the General Term must, therefore, be affirmed, and judgment absolute ordered against the plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.