EMILY A. MOODY *vs.* RUFUS MOODY.

Kennebec. Decided April 3, 1878.

*Mortgage.*

Husband and wife gave a note and secured it by a mortgage on her furniture. The husband, with money borrowed of his father, paid the note, receiving the papers into his possession. Immediately afterwards and before separation, by arrangement between all parties except the wife, (who was not present) the note and mortgage were assigned by the mortgagee to the father. *Held,* that the wife would hold the property clear of the incumbrance by mortgage.

The father would have no right in the mortgage by subrogation, being under no obligation to pay it, and having no interest in it when it was paid.

ON EXCEPTIONS.

REPLEVIN by plaintiff, after the death of her husband, against his father, the defendant, of household furniture taken by him, on the ground that he was assignee of a mortgage to one Jacob,

Robie, joined in by her and her husband, Frank G. Moody, to secure payment of their note of $118.05, given for an express wagon.

Robie received payment by the same wagon returned and a harness and note of $10, signed by the defendant, who testified: " I proposed to Robie what I would do; to give him such property and such money and he make the transfer to me, and he agreed so to do and did so."

Robie testified: " After the trade was all driven and I had passed the papers into Frank's hands, it was agreed that an assignment should be made to the defendant."

The presiding justice instructed the jury; " If the settlement between Robie, Frank Moody and his father had been perfected by the payments of the wagon, harness and the $10.00 note, as stated by Robie, and the note and bill of sale were given up by Robie to Frank Moody without any agreement between the parties that the note and bill of sale were to be assigned to the defendant, such settlement and delivery of the note and bill of sale would constitute a payment of the note and a discharge of the bill of sale."

The verdict was for the plaintiff; and the defendant alleged exceptions.

*W. P. Whitehouse*, for the defendant.

*J. H. Potter*, for the plaintiff.

PETERS, J. The plaintiff and her husband gave a note to one Robie, and secured it by a mortgage or written pledge of the furniture in question in this suit. The defendant advanced to the husband, who was his son, money, in whole or part, to pay the note. Thereupon the note and mortgage were surrendered to the husband in the presence of the defendant, the plaintiff not appearing to be present at the time. Before the parties separated, upon re-consideration, it was determined that Robie should assign the note and mortgage to the defendant, and he did so. It was ruled at the trial that, as against this plaintiff, the defendant could not receive the title in that way, if the note had been previously paid and the note and mortgage given up to one of the

makers.  The defendant contends that the retraction so immediately followed the fact of payment that all that was done at the time would be but parts of one transaction, and that it amounts to no more than the correction of the result of a negotiation according to the understanding of parties.  Undoubtedly, if the papers had been given up by some mistake, and not in accordance with the intention of the parties, the error could have been rectified.  The fact, however, that the attempted recantation so immediately followed the surrender of the note and mortgage would amount to nothing, provided all the other elements existed to constitute it a distinct and independent thing.  It would make no legal difference whether one minute or one year separated the two acts.  The mortgage had become *functus officio*.  For somewhat analogous cases, see *Whittier* v. *Heminway*, 22 Maine 238.  *Larrabee* v. *Fairbanks*, 24 Maine, 363. *Patten* v. *Pearson*, 57 Maine, 428.  *Hodgskins* v. *Dennett*, 55 Maine, 559.

In such a case as this, the law does not extend any right to the defendant by subrogation or substitution.  He was under no obligation to pay, and had no interest in the contract personally. The verdict finds that he advanced his money, not to uphold the mortgage, but to extinguish it.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.