Binford, Administrator, v. Adams, Administrator, et al.

No. 12,014.

BINFORD, ADMINISTRATOR, v. ADAMS, ADMINISTRATOR, ET AL.

SUBROGATION.— Volunteer.—Payment of Claim.—Payment of a claim may be made by a third person; and where a claim is paid by a third person who has no existing interest in the matter, such payment is an extinguishment of the claim, and such person is a mere volunteer, and not entitled to subrogation.

PROMISSORY NOTE.—Payment.—Question of Fact.—Whether a transaction between the holder of a promissory note and the person who pays the money therefor is of such a character as to constitute a payment that will operate to extinguish the debt, is generally a question of fact.

SAME.—Transfer of Note.—Contract.—Payment is the discharge of a debt, and is not a contract. The purchase of a note is a contract of sale requiring the mutual assent, either express or implied, of a buyer and seller, and a consideration.

SAME.—Agreement with Maker.—Where a third person, at the request of the maker, pays to the holder of a promissory note the amount due thereon, and receives the note, his agreement with the maker can not be considered in determining whether the note was purchased or paid off.

From the Hancock Circuit Court.

*J. A. New, J. W. Jones, J. H. Binford* and *C. W. Miller,* for appellant.

*L. H. Reynolds,* for appellees.

ELLIOTT, J.—The questions in this case arise on the evidence, and as that is conflicting, we can not weigh it, but, as we have many times decided, we must accept as credible that which the trial court deemed trustworthy. *Union School Tp.* v. *First Nat'l Bank,* 102 Ind. 464; *Gathright* v. *Burke,* 101 Ind. 590; *Julian* v. *Western Union Tel. Co.,* 98 Ind. 327; *Cain* v. *Goda,* 94 Ind. 555; *Arnold* v. *Wilt,* 86 Ind. 367.

Taking as true, as the rule stated requires us to do, the evidence which controlled the trial court, we find the facts to be substantially these: Francis M. Walker executed a promissory note payable to Thomas A. Gant for $358, and to secure its payment executed a mortgage upon real estate. Gant sold the note and mortgage to Philander H. Boyd, and endorsed

the note to him.   While the note was in Boyd's hands several instalments of interest were paid, and credits for these instalments were duly entered on the back of the note.   In the spring of 1882, Gant requested Walker to pay the note, and Walker obtained the money with which to pay it from Robert Binford, the appellant's intestate.   Boyd, the holder of the note testified that the note was paid by Mr. Binford, that Walker was present when the payment was made, and that, to quote his testimony: "Mr. Walker did the talking; he said he had made arrangements with Mr. Binford to pay this note off. 'Mr. Walker,' says I, 'that is all right.' Mr. Binford spoke up and said: 'In a few days I will have the money ready,' and that was all that was said about the note, and in a few days Mr. Binford came in and paid the balance of the note off, and I marked the book paid and went to cancelling the note, and Mr. Binford requested me not to cancel it, and I just handed it to him without cancelling it." This witness also testified that nothing was said about purchasing the note, and that it was not purchased of him.   The action is against the administrator of Gant's estate upon the endorsement, and is prosecuted by the administrator of the estate of Robert Binford.

On the part of the appellant, it is affirmed that Binford bought the note.  The appellee, on the other hand, asserts that the note was paid.

Binford was a mere volunteer, for he was a stranger to the transaction, without any interest to protect or rights to preserve.   The case does not, therefore, come within the rule, that where payment is made by one who has some interest in protecting property against the enforcement of a claim, or who has junior rights to guard, equity will subrogate him to the rights of the person whose claim he has paid; but it is within the general rule, that where a claim is paid by a third person having no existing interest in the matter, it is an extinguishment of the claim.   Sheldon Sub., sections 1, 3.

It is well settled that payment may be made by a third

person. *Ritenour* v. *Mathews*, 42 Ind. 7; Sheldon Sub., section 186; 2 Edwards Bills and Notes (3d ed.), 536.

Whether a transaction between the holder of a promissory note and the person who pays the money is of such a character as to constitute a payment that will operate to extinguish the debt, is generally a question of fact. *Dougherty* v. *Deeney*, 45 Iowa, 443; *Moran* v. *Abbey*, 63 Cal. 56; *Jones* v. *Bobbitt*, 90 N. C. 391; *Balohradsky* v. *Carlisle*, 14 Bradwell, 289. It is true that there are cases in which the court may presume, as matter of law, that the debt was not extinguished, but those are cases depending upon the equitable principle of which we have spoken, and this case is not of that class. The general rule prevails here, and the question must be regarded as one of fact.

There is an important difference between the payment of a note and the purchase of it from the owner. Payment is the discharge of a debt. The purchase of a note is a contract of sale. The sale of a note, in order to be valid, must be made by a buyer to a seller; there must be mutual assent, and there must also be a consideration. Daniel says: "Payment is not a contract. It is the discharge of a contract in which the party of the first part has a right to demand payment, and the party of the second part has a right to make payment. A sale is altogether different. It is a contract which does not extinguish a bill or note, but continues it in circulation as a valid security against all parties. And it is necessary to constitute a transaction a sale that both parties should then expressly or impliedly agree, the one to sell, and the other to purchase the paper." 2 Daniel Negotiable Inst., section 1221.

Another author says: "To constitute a sale there must be a clear intention on the one part to buy, and on the other to sell; neither of these standing alone will operate to effect a sale." Edwards Bills and Notes (3d ed.), section 728.

The Supreme Court of California, in a case similar in its general features to the present, said: "The legal effect of the

transaction was to extinguish the obligation of the note." In the course of the opinion in that case it was also said : "But payment of a promissory note is not a contract; it is performance of the obligation arising out of the promise to pay. Any one of the several parties to a joint contract, or any one in his behalf and at his request, or with his consent, may perform the obligation; and when performance has been offered or made, and the money accepted, the obligation becomes extinguished. The parties to the contract are no longer bound to each other by the *vinculum legis* of right and duty." *Moran* v. *Abbey, supra.*

The question presented in *Lancey* v. *Clark,* 64 N. Y. 209 (21 Am. R. 604), was similar to that presented here, and it was there said : "To make a sale or transfer takes two parties, one to sell and the other to buy." The same general doctrine is also maintained in *Eastman* v. *Plumer,* 32 N. H. 238.

The case of *Burr* v. *Smith,* 21 Barb. 263, is directly in point, for the facts are so nearly the same, that with a change of names, dates and amounts, one statement of facts would substantially fit both cases. In that case the court said, in speaking of the request that the note should be cancelled, that "It is true he declined having it cancelled ; but that circumstance was not enough, in my judgment, to overcome the presumption arising from the facts proved, that it was paid and extinguished. It does not prove a purchase, and unless it was purchased by Riley, it was satisfied by the payment." One of the authors referred to notes the case of the payment of a bill of exchange to save it from dishonor, states that such a case forms an exception to the general rule, and says: "With this exception to the general rule, there is no reason why an officious payment and satisfaction of a bill or note should not be held to cancel the security." 2 Edwards Bills and Notes (3d ed.), section 729.

It is impossible to conceive any valid reason why the sale of a promissory note is not a contract, and once it is granted

that it is a contract, it must surely follow that there can be no sale unless the holder of the note expressly or impliedly agrees to sell. To assert the contrary is to assert that there may be a contract without a meeting of the minds of the parties, and he who asserts this runs counter to one of the most familiar of the elementary principles of the law. In this instance the owner of the note declares that nothing was said to him about the purchase of the note, and that it never was purchased of him. It can not be possible, therefore, that there was a contract of sale, and if there was not, the note was extinguished.

Stress is laid upon the agreement between the maker of the note and Binford; this agreement, however, is not of controlling force, for the real question is, not what was the agreement between those parties, but what was the agreement between the person claiming as purchaser and the owner of the note, in whom alone was vested the power to sell? The authority to sell was undoubtedly in the holder of the note, and unless he sold the note no one could become a purchaser. *Eastman* v. *Plumer, supra.* A seller of a note incurs some liability although he transfers the note simply by delivery, for, even in such a case, he warrants the genuineness of the note. *Lancey* v. *Clark, supra; Delaware Bank* v. *Jarvis,* 20 N. Y. 226; *Bell* v. *Cafferty,* 21 Ind. 411; *Brown* v. *Summers,* 91 Ind. 151. There are authorities extending the implied warranty much further. *French* v. *Turner,* 15 Ind. 59; 1 Daniel Negotiable Inst., section 729. But we need not pursue this inquiry, for, if there is any warranty at all in the case of a transfer by delivery, it can not be possible that such a warranty can be asserted against a party who has made no contract, and this satisfactorily proves that there can be no purchase of a promissory note unless there is an agreement to sell.

Granting that the case of *Dodge* v. *Freedman's, etc., Co.,* 93 U. S. 379, correctly lays down the law, it is not in point here, for the reason that here the money was paid directly to the

holder of the note; while there it was paid to a bank acting as a collecting agent. In that case, the fact that the notes were paid to a collecting agent without authority to bind the holder by a transfer of title, was given prominence, and it may be that this fact sustains the decision. Here, however, the court can not decide that there was a purchase, without deciding, also, that there was an implied warranty binding the person making the transfer; this we can not do, for we can perceive no ground upon which a person can be held to have made a warranty, and yet not have entered into a contract. *Smith* v. *Sawyer*, 55 Maine, 139, *Willis* v. *Hobson*, 37 Maine, 403, and *Greening* v. *Patten*, 51 Wis. 146, support our conclusions.

In *Swope* v. *Leffingwell*, 72 Mo. 348, as in *Harbeck* v. *Vanderbilt*, 20 N. Y. 395, there was an assignment of the note to the stranger, by whom the money was paid. Here there was none, and it needs no more than a bare mention of this fact to exhibit the difference between those cases and the present.

Judgment affirmed.

