Macomber, J.
The promissory note in suit was made by the defendant on the 24th day of September, 1884, payable to the order of A. Bader & Co., which firm was composed of no persons but Aaron Bader, and was thereupon transferred to J. ,R. Wallach & Bro., who subsequently and before the maturity thereof procured the same to be discounted at the Importers and Traders’ National Bank of the city of New York. There was paid upon this note by J. R. Wallach & Bro. the sum of $500. That firm, at about the time of the maturity of the defendant’s note, delivered to the plaintiffs three notes of George Lee & Co., each for $500, bearing date December 27, 1884, payable respectively one, two and three months after date, which were also payable to the order of J. R. Wallach & Bro., and were duly endorsed in that name. When these George Lee & Co. notes became due respectively they were severally dishonored, both by George Lee & Co. and by J. R. Wallach & Bro., and were in fact paid by the plaintiffs, who had guaranteed the payment of each of them to the Importers and Traders’ National Bank.
The trial judge has found very properly that the George Lee & Co. notes were in fact transferred as collateral security to the plaintiffs, and that the plaintiffs had not at any time extended the time of payment of the note in suit. It appears indeed that this action was not begun until after the dishonor of the George Lee & Co. notes.
The only question of law, therefore, which the case presents, is whether or not the note in suit was transferred to the plaintiffs before maturity, for a preponderance of the evidence shows that the maker of the note executed it solely for the accommodation of J. R. Wallach & Bro. It is contended by the counsel for the plaintiffs that as this note was given to take up another of the defendant given to J. R. Wallach & Bro., there was a good consideration for the making and delivery of the note in action; but the prior note, it is shown, was also accommodation paper, in which the defendant had no interest whatever beyond the desire to accommodate J. R. Wallach & Bro.
On the day that the note in controversy fell due, at the great importunity of J. R. Wallach, the plaintiffs furnished the means to take up the note which, at the time, lay in the Importers and Traders’ Bank. The case shows that *377 J. R Wallach, in his interview with the plaintiffs on that day, stated that the note was due, and that neither the defendant nor himself was able to meet it, and desired the plaintiffs to find some means by which J. R. Wallach would be enabled to take the note out for H. Wallach’s sons. The plaintiffs were not inclined to do this, but at last, upon the production of and the transfer of the George Lee & Co. notes to them as collateral security for the amount remaining unpaid upon the indebtedness of J. R. Wallach & Bro., to them they furnished the requisite funds to accomplish that purpose, and J. R. Wallach was entrusted with the mere clerical work of going to the bank, paying the money, receiving the note and returning it to the plaintiffs. This was before the usual time for protesting commercial paper, for the hour was somewhere between eleven o’clock in the morning and one o’clock in the afternoon. J. R. Wallach proceeded to the bank and received the note from the bank, having upon it this endorsement: “Pay Edward Townsend, cashier or order.” There is no significance, however, to be attached to this endorsement, because, as the evidence discloses, it was a mere formality to prevent loss, and was placed upon the note at the time of its reception in the bank, and not on the day in which it was given over to the plaintiffs.
It has been attempted by the defendant to turn this transaction into a payment of the note, rather than an advance of money by the plaintiffs to take it up for the purpose of holding it as an outstanding and valid obligation. The extraordinary testimony of J. R. Wallach relating to this subject has been properly characterized by the learned trial judge. It is wholly inconsistent with the established course of commercial business, and is not corroborated in any material particular by other witnesses or by the attendant circumstances. We see no reason to complain of the language of the special term in disposing of this branch of the case.
An effort has been made, however, to bring this case within the decision of Lancey v. Clark (64 N. Y., 209). But it is distinguishable from that case in most important details. In Lancey v. Clark, the person who went to the bank was not charged in any respect with the duties of an agent of the plaintiff, and he did not even assume to act for the plaintiff, nor did he ask the bank to have the note transferred to any person. He even went so far as to ask to have the note protested for non-payment, which was. accordingly done; so that he, not somebody else, could hold the indorser and maker after protest. Protest was actually . made. 1 ‘ All the bank did in that case was to take payment *378 of the note,” says the court “and deliver it up to a party paying, and liable to pay, after protesting it so that he could make such use of it as the law and the facts would authorize._ It did not transfer it or intend to transfer it. The plaintiff, therefore, took no title to it from the bank, but took it from Lincoln, and cannot, therefore, enforce it against the defendant.” It is a perversion of the facts to say, that the steps taken to place this note in the hands of the plaintiffs, amounted to payment and extinguishment of it while in the hands of the bank. It is plain, therefore, that as the plaintiffs took the note from the bank, they took the place of the bank, and their title and right to enforce it were as good as those of the bank at the time they took it. On the other hand, if they took it from J. R. Wallach as a transferrer, not as a mere agent or hand of their own, by which to get the manual possession of it, it would then be past due, and would have been taken subject to all of the equities of the defendant.
In the Grocers' Bank v. Penfield (69 N. Y., 502), it was determined, after a full examination of the authorities, that where a promissory note is made for the accommodation of the payee, but without restriction as to its use, an indorsee taking as collateral security for an antecedent debt of the indorser without other consideration but in good faith and before dishonor, occupies the position of a holder for value, and is protected as such. This principle is reaffirmed in Continental National Bank v. Townsend (87 N. Y., 8). It matters not, therefore, whether the plaintiffs received the note in question, in part payment of an antecedent indebt-■ edness, which was owing them by J. R. Wallach & Bro., or not; they, nevertheless, had taken it in good faith and before dishonor.
It follows from these considerations that the judgment should be affirmed, with costs.
Van Brunt, and Bartlett, JJ., concur.