[No. 800.   September 2, 1898.]

JOHN A. LEE et al., Appellants, v. NEILL B. FIELD, Receiver of NEW MEXICO SAVINGS BANK & TRUST COMPANY, Appellee.

SYLLABUS BY THE COURT.

PROMISSORY NOTE—ACCOMMODATION—PAYMENT—PURCHASE—ACTIONS—DEFENSE—EVIDENCE.—1. A purchaser of a note overdue takes it subject to all defenses which may be shown against his assignor who acquired it at maturity by paying the money due to the holder.

2. A bond of indemnity against loss executed by a third person to an accommodation maker of the note is an equitable and not a legal defense, and is not properly pleadable or shown in evidence in an action at law upon the note under the common system brought by the holder who acquired the paper when it was overdue from the obligor.

3. Payment by a stranger to a promissory note of the money due to the holder without any agreement, express or implied, to purchase the same extinguishes the note.

4. It was error to exclude evidence tending to show whether when a note is presented for payment the transaction was payment or purchase of the note.

5. Where a stranger pays the money due on a note at maturity to the
holder, it is necessary in order to constitute a purchase that there be
an agreement express or implied on the part of the holder to sell and
on the part of the purchaser to buy.

*Appeal*, from a judgment for plaintiff, from the Second
Judicial District Court, Bernalillo County.    Remanded.

The facts are stated in the opinion of the court.

CHILDERS & DOBSON for appellants.

The appellants, Lee and Weaver, having signed the note
as accomodation makers at the request of the Alburquerque
National Bank and for its benefit, it became primary obligor,.
and payment of the note by said bank cancels the same.    Tied..
on Com. Paper, sec. 376.

The bank paid the note, it did not purchase it.    Danl.
Neg. Insts., sec. 1221; Tied. on Com. Paper, sec. 371.

The Savings Bank was not an innocent purchaser of
said note, but had full notice of all the facts and took it subject
to all defenses existing between appellants and the Albuquer-
que National Bank, on account of same being overdue at the
time it was acquired by the Savings Bank.    Fisher v. Leland,.
4 Cash. 456; Norton on Bills & Notes, sec. 160.    See, also,
Lacey v. Clark, 64 N. Y. 209, and citations; Chester v. Dow,
41 Id. 279; Cason v. Heath, 12 S. E. Rep. 678; Loan & Trust
Co. v. Water Co. et al., 78 Fed. Rep. 881.

F. W. CLANCY for appellee.

The evidence does not show any payment of the note sued
on.    Byles on Bills, 216; Bank v. Mitchell, 9 Metc. 297; 2
Par. on Notes and Bills, 216; Deacon v. Stodhart, 9 C. & P.
693; Same v. Same, 2 M. & G. 323; Jones v. Broadhurst, 9
M. G. & S. 177.

There is no evidence to support the position that the
Savings Bank is chargeable with any knowledge of the transac-

tion in which the note originated.    Bank v. Harrison 10 Fed.
Rep. 252; Frenkel v. Hudson, 82 Ala. 158, and citations;
Story on Agency, sec. 140; Barnes v. Gas Co., 27 N. J. Eq.
36; Powles v. Page, 3 C. B. 16; Bank v. Christopher, 40 N. J.
Law 437; Stevenson v. Bay City, 26 Mich. 45; Bank v. Cash-
man, 121 Mass. 490; Innerarity v. Bank, 139 Id. 334, 335.

PARKER, J.—This is an action of assumpsit brought
by appellee as receiver of the New Mexico Savings Bank &
Trust Company, to recover on a note for twenty-five hundred
dollars, signed by J. A. Johnson, as maker and by appellants
as accommodation makers.    The note was payable to one
Emma J. Harris, and by her discounted to the Bank of Com-
merce, who presented it at the Albuquerque National Bank,
where it was payable, at maturity, January 27, 1892, and
received the money due on it.    On February 19, 1892, the
Albuquerque National Bank sold and delivered the note,
which it had until that time carried as a cash item, in place
of the money it had paid to the holder, to the Savings Bank,
of which appellee is receiver, attached to the individual note
of said Johnson, for $2,652.50, dated January 26, 1892, and
upon which was indorsed a memorandum:    "Note of J. A.
Johnson, J. A. Lee and W. M. Weaver collateral."    At the
time of the making of the note sued on, the Albuquerque Na-
tional Bank was interested in procuring a settlement to be
effected between Johnson and Harris, and procured appellants
to sign the note sued on as accommodation makers, and to
secure them against loss, executed and delivered to appellants
a bond of indemnity, conditioned to indemnify and save harm-
less the appellants, as indorsers on said note, and in the event
said Lee and Weaver should have to pay said note  or any por-
tion thereof as such indorsers, to reimburse them for all
moneys which they might have to pay on account of said note.
This bond of indemnity was offered in evidence by appellants,
and excluded by the court upon the objection by appellee.
Appellants offered to prove that at the time Johnson gave the
note to the Albuquerque National Bank for $2,625.50, he did

so at the request of S. M. Folsom as president of the bank and
upon the understanding that the proceeds of the same would
be applied to the payment of the note sued on in this case, and
that the note sued on was to be retained simply as a memoran-
dum of the transaction.   This proof was excluded upon the
objection of appellee.   At the close of the trial both sides
moved for an instruction for a verdict and, the motion of
appellee being granted, the jury found a verdict accordingly,
and judgment was entered thereon.   The issues were made
upon a declaration, plea of the general issue, and similiter
under the common law system of pleading formerly in force
in this territory.

1.   We assume that the Savings Bank, of which appellee
is receiver, having taken the note sued on after
PROMISSORY note: maturity, appellee's action is subject to the
purchase.
same defenses as if suit had been brought
thereon by the Albuquerque National Bank.

2.   The bond of indemnity offered by defendants we
think was properly excluded.   The suit was tried as an action
at law, under common law pleadings although after the code
went into effect.   While under the code legal and equitable
defenses may be pleaded in the same action
ACTIONS: defense.   (and it was in force when special pleas were
filed setting up this bond as a defense), still the
parties acquiesced in the action of the court in treating the
case as a common law case, and as such limited as to pleadings
and proof, and elected to go to trial upon that basis.   They
can not be heard to complain here.   The defense of the bond
is an equitable and not a legal defense to the collection of the
note.   It is not properly pleadable or shown in evidence in an
action at law under our former practice.   That it is a com-
plete defense against the bank which gave it or its assignee
after maturity of the note in a proper proceeding in equity,
or where properly pleaded under the code, there can be no
doubt, unless its protection has in some way been forfeited or
waived.

3. The principal question presented and which is decisive of the case is whether the note sued on was paid by the Albuquerque National Bank, so as to charge the makers. It will be observed that the Albuquerque National Bank was not a party to the paper in any way, and was under no legal obligation whatever to pay the same when presented. It was therefore a stranger or volunteer when it paid the note, unless its bond of indemnity to appellants to save them harmless created a different relation. It is true the bond of indemnity placed the bank in a position of liability in case appellants were made to pay the note and it protected itself from such liability by paying the note itself. But it had no real interest in paying the note rather than the bond. Each could be paid with the same amount of money. It does not come within the rule that where a person is compelled to pay the debt of a third party to protect his own right he will be subrogated to the rights of the creditor, for the bank was in an indifferent position and might pay either the note or the bond at the same cost, it could gain nothing, it could lose nothing, as against appellants, by paying the note. The bank, therefore, was a stranger, a mere volunteer, when it paid the note, and unless there was some agreement, express or implied, to purchase the note, the payment operated to extinguish it. 18 Am. and Eng. Ency. of Law, 160; 24 Am. and Eng. Ency. of Law, 244; Daniels on Negotiable Instruments, No. 1222; Bainford v. Adams, 104 Ind. 41; Moran v. Abbey, 63 Cal. 56; 2 Edwards Bills and Notes [3 Ed.], Nos. 729, 536; Day v. Humphrey, 79 Ill. 452; Pierce v. Bryant Coal Co., 121 Ill. 590; Moody v. Moody, 68 Me. 155; Tuckerman v. Sleeper, 9 Cush. (Mass.) 177; Eastman v. Plumer, 32 N. H. 238; Sandford v. McLean, 3 Paige (N. Y.) 116; Banta v. Garmo et al., 1 Sandf. Ch. (N. Y.) 383; Lansy v. Clark, 64 N. Y. 209; Burr v. Smith, 21 Bark (N. Y.) 269; Creening v. Patten et al., 51 Wis. 146; Farmers' Loan & Tr. Co. v. Iowa Water Co., 78 Fed. Rep. 881.

PROMISSORY note: payment.

Appellee seeks to draw a distinction between those cases where a stranger pays the money himself to the holder, and those where the original debtor pays the money as agent for the stranger from whom he has obtained it for that purpose, but we can see no distinction, nor is any made in the cases. (Moran v. Abber, 63 Cal. 56; 104 Ind. 41.) Counsel has cited some English-American authorities in support of a contrary doctrine in regard to payment, but we believe the great weight of authority is as we have stated above.

4. The payment of the money by the Albuquerque National Bank being shown, it became a material matter of inquiry as to whether there was any agreement of sale and purchase between it and the holder. Appellants offered to prove by Johnson that he gave the note for $2,652.50 at the request of Folsom, president of the Albuquerque National Bank with the understanding that the proceeds of the same would be used to pay the note sued on and the note sued on was to be retained simply as a memorandum. This evidence was excluded upon the objection of appellee and in this we think the court committed error. It was material for the appellee to show a purchase of the note and for appellants to show payment. Anything which tended to show that the bank did not buy the note was material and should have been admitted. The ground of objection is stated in the brief of appellee, to the effect that the testimony tended to contradict the indorsement on the note of "Note of J. A. Johnson, J. A. Lee and W. M. Weaver, collateral." But there is nothing to show that this indorsement was made at the time of making the note or that Johnson was a party to it in any way. And in fact the note referred to as attached as collateral was not in the possession of the bank and was not received and paid until the next day.

5. In order for the appellee to recover he must show a purchase by the Albuquerque National Bank. In order to show a purchase it was necessary to show an agreement, express or implied, on the part of the holder to sell and on the

part of the bank to buy.  Daniels, Negotiable Instruments, No. 1221; Bainfords v. Adams, 104 Ind. 41; Edwards Bills and Notes [3 Ed.], Nos. 729, 536; Lansy v. Clark, 64 N. Y. 209; Burr v. Smith, 21 Barb. (N. Y.) 263.  And if the holder of the notes did not expressly or impliedly sell the note, the appellee can not recover.

6.  The court erred in instructing the jury to find a verdict for appellee.  The question as to whether there was a sale and purchase of the note was one of fact upon which the parties were entitled to go to the jury under proper instructions.  Upon the record as it stands, it would, perhaps, have been proper to instruct the jury to find for the defendant.  But we can not say but that appellee did not make proof on this point for the reason that it was not necessary under the rulings of the court.

EVIDENCE.

For the reasons assigned the cause is remanded with instructions to grant a new trial.

Mills, C. J., Leland and McFie, JJ., concur; Crumpacker, J., having tried the case below, took no part in this hearing.