## CHARNOCK v. JONES et al.

Where plaintiff paid defendant's note by mistake, the debt was extinguished, and the note being surrendered to plaintiff, a subsequent indorsement to plaintiff by the cashier of the bank to which the note was sent for collection did not authorize plaintiff to sue thereon as holder.

One who without authority, pays another's debt, is not entitled to subrogation.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action on a note by C. T. Charnock against Jonah Jones and another, copartners as Jones & Dew. From a judgment for defendant Jones, who defended alone, plaintiff appeals. Affirmed.

*Keith, Danforth & Keith,* for appellant.

A stranger cannot, without authority, pay the debt of another person and charge the amount so paid, against the party for whose benefit the payment was made. McGee v. San Jose, 8 Pac. 641; Martin v. Quinn, 37 Cal., 55; Burr v. Smith, 21 Barb. 263; Brown v. Chesterville, 63 Me. 241; Binford v. Adams, 3 N. E. 753; Acer v. Hotchkiss, 97 N. Y. 395-403; Sanford v. McLean, 23 Am. Dec., 773. One who receives a negotiable, promissory note from an indorsee in due course stands in his shoes and that the only defenses available against such an indorsee are such defenses as would be

available against his indorser; unless such party be the original payee. Cyclopedia of Law, Vol. 7, Page 938, Paragraph 3. Graham v. Larimer, 23 Pac. 286; Woodworth v. Huntoon, 40 Ill 131; Hardy v. First National Bank, 43 Pac. 1125; Jones v. Wiesen, 69 Northwestern, 762; Verbeck v. Scott, 36 Northwestern, 600; Shaw v. Clark, 49 Mich., 384, 13 N. W. 786.

*Joe Kirby,* for respondent.

A partner, through the law of agency only binds his co-partners. Each general partner is an agent for the firm, hence the rule, but when the firm ceases this power no longer exists. Civil Code, Sec. 1761. Morrison v. Perry, 11 Hun. 33; Humphrey v. Chastain, 48 Am. Dec. 247; Bower v. Douglas, 25 Ga., 717; Lockwood v. Comstock, 4 McLean, 383; Bell v. Morrison, et al, 1 Peters, (U. S.), 351-73; Potter v. Tolbert, 71 N. W. 849; Hurst v. Hill, 63 Am. Dec. 705; Palmer v. Dodge, 4 Ohio St. 21; Whitney v. Reese, 11 Minn. 138; Lusk v. Smith, 8 Barb. 570.

FULLER, J.    Upon all the evidence offered in support of this action on a promissory note purporting to have been executed by Jones & Dew, as copartners, for $146.42 payable to the order of the Racine-Sattley Company, a nonresident corporation, the court directed a verdict in favor of Jonah Jones, who defended alone, and this appeal is from a judgment dismissing the complaint on its merits, and from an order overruling a motion for a new trial.

The note was indorsed by the payee, Racine-Sattley Company, to the Merchants' National Bank of Omaha, and by the president of that bank to the State Banking & Trust Company of Sioux Falls, by whom the collection was made and the proceeds remitted prior to its indorsement to appellant. While it is alleged in the complaint that he purchased the note in the regular course of business before maturity, and is still the owner and holder thereof, appellant's own testimony with reference to the transaction as narrated in the abstract is as follows: "On or about the 15th day of July, 1905, he purchased the interest of Jonah Jones in the firm of Jones & Dew, forming a partnership with Dew under the name of Charnock & Dew; that thereafter this plaintiff gave to the Racine-Sattley Company a note for about the same amount as the note in question; that his note fell due on or about the same time as the

note upon which action is brought; that when the note in question fell due the same was presented to him by the State Banking & Trust Company of Sioux Falls, who held the same for collection and remittance, and asked payment; that he thought that the note presented was the note which he had given to the said Racine-Sattley Company, and that he thereupon drew his check for the amount which he then supposed was due upon his note, and the note in question was delivered to him, he thinking it was his own note; that a few days later his own note was presented for payment, and that he then discovered his mistake; that he immediately took the note in question to the State Banking & Trust Company and asked them to return his money, and that he was informed that it had been remitted; that as he had given them the money on the note in question he might as well own the note, and plaintiff consented, and that thereupon F. H. Hollister, cashier of said State Banking & Trust Company, indorsed and delivered said note to this plaintiff; that no part of it has been paid." It thus appears that the note was forwarded by its owner to the Sioux Falls bank for collection, but not for the purpose of having a purchaser procured, and appellant did not intend to become the owner of such note, when by voluntary payment he wholly extinguished the obligation without a request from either of its makers. F. H. Hollister, cashier of the State Banking & Trust Company, had no authority to indorse the note after it was paid, or at all, and the bank that owned it cannot thus be made a seller without its knowledge or consent. Though paid by mistake, the debt was extinguished, and the note surrendered to appellant, in its original form was no longer the subject of sale or transfer, and any subsequent indorsement by whomsoever made could not restore its previous characteristics as a writing obligatory. "The payment of a promissory note by a third person at the request of the maker to an agent holding it for collection extinguishes the note, and cannot afterwards be treated as a purchase. The obligation to pay being discharged, a subsequent transfer of the note by the payee to the person making the payment will not revive it." Moran v. Abbey, 63 Cal. 56. "Where, after a note has become due, a stranger calls upon the holder and pays the amount due upon it, declines having

it canceled, and takes it away with him, nothing being said about buying it, this will be held a payment and satisfaction of the note, so as to prevent a suit being brought thereon by a person receiving it from the stranger." Burr v. Smith, 21 Barb. (N. Y.) 262. Nor does the right of subrogation exist in favor of a stranger who, without authority, pays the debt of a third person, and there is nothing in this record to justify departure from the foregoing decisions which announce the well-settled doctrine invoked by the courts in the following cases: McGee v. City of San Jose, 68 Cal. 91, 8 Pac. 641; Binford v. Adams, 104 Ind. 41, 3 N. E. 753; Neeley v. Jones, 16 W. Va. 625, 37 Am. Rep. 794; Acer v. Hotchkiss, 97 N. Y. 395; Martin v. Quinn, 37 Cal. 55; Crumlish's Adm'r v. Central Improvement Co., 38 W. Va. 390, 18 S. E. 456 23 L. R. A. 120; Sandford v. McLean, 3 Paige (N. Y.) 117; 2 Dan. Neg. Ins. § 1223. The purchase of a promissory note requires the assent of authorized persons, and the transaction is a contract "by which, for a pecuniary consideration called a 'price'" the seller transfers his property to the buyer, while payment thereof is in no sense a contract, but essentially the performance of a promise, by which such instrument is discharged and taken out of circulation. Therefore our conclusion must be that there is no privity of contract express or implied between respondent and appellant, and this action on the promissory note is not maintainable.

Whether as against any one the facts and circumstances under which he paid the note would justify the enforcement of any equities in his favor is a question not in the case, and concerning which no opinion can be properly expressed.

As the point already determined is decisive of this appeal, the remaining assignments of error require no consideration.

The judgment appealed from is affirmed.