Mollie D. Hall et al., Appellees, v. Marshall F. Hutton, Appellant.

Opinion filed March 4, 1937.

CHARLES T. FLOTA, of Harrisburg, for appellant.

MILO D. YELVINGTON, of Newton, for certain appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Mollie D. Hall as executrix of the will of John W. Hutton, deceased, filed a petition to sell real estate to pay debts. The petition contained an allegation that certain premises therein described were subject to a mortgage lien of $4,000, which mortgage was held by Marshall F. Hutton. Mae Hutton, the widow, Marshall F. Hutton and others were made parties defendant. Answers were filed and on the issue raised the trial court held that the $4,000 mortgage lien held by Marshall F. Hutton was void and of no force and effect as

against the widow and the creditors of John W. Hutton, deceased, and ordered it canceled and held for naught as against the widow and creditors of said estate. Marshall F. Hutton appealed from that decree. Mae Hutton is the only appellee who has filed a brief.

The evidence shows that John W. Hutton and his wife, Mae Hutton, executed the mortgage in question in 1923. It was given to secure the payment of a $4,000 note payable on the amortization plan extending over a period of 33 years. The note and mortgage were to the Central Illinois Joint Stock Land Bank of Greenville; this bank assigned the note and mortgage to the St. Louis Joint Stock Land Bank and when this bank went into a receivership, the note and mortgage passed to the receiver as assets of the receivership estate. Certain buildings located on the premises, and which were insured against loss by fire, were burned and the insurance company carrying the risk adjusted the loss and in February, 1935, mailed to the receiver a draft payable to John W. Hutton and the receiver. The receiver placed the proceeds in a John W. Hutton trust account and on March 22, John W. Hutton went from his home in Newton to St. Louis and the receiver drew two checks both payable to John W. Hutton, one for the total balance unpaid on the mortgage and the other for the remainder of the insurance settlement. Hutton indorsed the check for the amount of the unpaid balance of the mortgage debt and delivered it to the receiver. The receiver, at the request of Hutton, executed a written instrument assigning the note and mortgage without recourse to the appellant. Appellant was not present and the note, mortgage and assignment were delivered to John W. Hutton. He took them to his office in Newton and gave them to his secretary with directions to mail to appellant at Hartsburg, Illinois. On March 25, she mailed the instruments as directed. On March 26, John W. Hutton was accidentally killed.

The evidence tends to show that John W. Hutton was indebted to appellant for about $4,000 and that he had the note and mortgage assigned to him with the intent of securing such indebtedness.

It is conceded that appellee, Mae Hutton, had executed the mortgage and released her homestead rights in the premises. She now claims that the note and mortgage were paid by John W. Hutton and that it could not as against her rights as a widow holding a homestead interest be reissued to secure a new and different debt.

It is clear that the money used to pay the debt to the receiver was the money of John W. Hutton. The instruments were assigned by the receiver to appellant at John Hutton's request. It does not appear that appellant knew of the proposed assignment to him nor that he ever negotiated with the receiver in reference to the same. Such a transaction has all the characteristics of a settlement or payment by the one who was under obligation to pay and there is nothing to denote a purchase of the note and mortgage by appellant. It was an attempt by the mortgagor, John W. Hutton, to reissue the note and mortgage which had been paid and have the lien of the mortgage stand as security to a new and different debt.

In *Spencer v. Fredendall,* 15 Wis. 666, the court held that a husband could not keep alive for the purpose of securing a new debt, as against the wife, a mortgage on the homestead which had been paid, because it was in effect making a new mortgage and could not be valid under the statute regarding homestead without the signature of the wife.

In *Binford v. Adams,* 104 Ind. 41, 3 N. E. 753, the court said, ''There is an important difference between the payment of a note and the purchase of it from the owner. Payment is the discharge of a debt. The purchase of a note is a contract of sale. The sale of a note,

in order to be valid, must be made by a buyer to a seller; there must be mutual assent, and there must also be a consideration.'' Daniel says: ''Payment is not a contract. It is the discharge of a contract in which the party of the first part has a right to demand payment, and the party of the second part has a right to make payment. A sale is altogether different. It is a contract which does not extinguish a bill or note, but continues it in circulation as a valid security against all parties. And it is necessary, to constitute a transaction a sale, that both parties should then expressly or impliedly agree; the one to sell, and the other to purchase the paper.''

In *Porter v. Title Guaranty & Surety Co.,* 17 Idaho 364, 106 Pac. 299, the court held that payment is the discharge of a debt and is not a contract. The purchase of a note and mortgage is a contract of sale requiring the mutual assent, either express or implied, of a buyer and seller and a consideration and there held that inasmuch as the money used to pay the debt was the money of the mortgagor it was a payment which extinguished the mortgage lien.

In *Peiffer v. Bates,* 45 N. J. Eq. 311, the mortgage was paid with the proceeds of a check given to settle a fire loss on buildings located on the premises and it was held that this was a payment of the mortgage and as against subsequent lien holders the mortgage was void.

In *Lanphier v. Desmond,* 187 Ill. 370, it was held that where the grantor in the trust deed paid the indebtedness and the note and trust deed were returned to him that the lien of such trust deed was extinguished as against one to whom he had, prior to such payment, conveyed the premises by a deed of warranty.

The rule is stated in 41 C. J. 826 thus: ''Although a mortgage may be kept alive, even when the indebtedness which it was given to secure has been paid, by

one whose duty it was to do so, if it is evident that it is so intended, it is generally held that, when the indebtedness is in fact paid and there is no equitable reason for keeping the mortgage afoot, it cannot be subsequently resuscitated and reissued as security for a new or different debt between the original parties or reissued to a different creditor. Certainly no such arrangement can be made to the prejudice of the intervening rights of subsequent purchasers or encumbrancers or creditors of the mortgagor."

Under the issues presented we are only required to rule upon the validity of appellant's mortgage lien and we are not passing upon the validity of any indebtedness that appellant may claim to hold against the estate of John W. Hutton. The lien of the mortgage in question was extinguished by the payment of the debt which it secured and is void as against appellees' right of homestead and the claims of the creditors of John W. Hutton, deceased.

The decree of the trial court is affirmed.

*Decree affirmed.*