J. IRVING PEARCE

*v.*

THE BRYANT COAL COMPANY.

*Filed at Springfield September 27, 1887.*

1. DEED OF TRUST—*to secure indebtedness—powers of trustee superseded by a subsequent arrangement—duty of trustee to release on request of creditors.* A trustee in a deed of trust given to secure the payment of bonds in which he has no ownership, has no interest in the trust, and when the bonds so secured are satisfied, in equity, by the giving of a note in their place, secured by another trust deed, and a sale under the latter trust deed, though the bonds may not be surrendered and cancelled, it will be the duty of the trustee in the first deed, on the request of the holders of the bonds and the makers thereof, to release the property conveyed in that trust deed, from the lien thereof. He can not object that the evidences of the indebtedness are not surrendered or cancelled.

2. SAME—*trustee having an interest in the debt secured—not concluded by agreement with other creditors.* A trustee in a trust deed may, however, become the owner of a part of the indebtedness secured by the deed, and if he does, he can not be concluded, as to such part of the indebtedness of which he is the owner, by any agreement between the debtor and the holder of the remainder of the indebtedness, to which he is not a party.

3. SAME—*burden of proof to show trustee is the owner of part of debt secured.* Where a trustee refuses to release the trust deed pursuant to the direction of the other parties thereto, on the ground that he is the owner of part of the coupons given for the interest on the principal debt, the burden is upon him to show that fact, and failing to show he is such owner, a court of equity will require him to release the trust deed.

4. SAME—*sale under second deed, as a satisfaction of the prior deed.* The taking of a second deed of trust on the same property, for the same indebtedness in a different form, and a sale of the property under the second deed of trust, will, in equity, operate as a satisfaction of the first deed of trust, even though the evidences of the indebtedness, by agreement of the debtor and creditor, may not have been surrendered or cancelled.

5. PAYMENT *by third person, as an extinguishment of the debt.* The demand of a creditor, which is paid with the money of a third person, without any agreement that the security shall be assigned or kept on foot for the benefit of such third person, is absolutely extinguished.

6. So where a corporation gave its bonds, with interest coupons, secured by a deed of trust, and the trustee, at the request of an officer of the corpo-

ration, paid the first set of coupons and took them up, it was *held*, that such coupons became extinguished, and could not be enforced by the trustee so paying the same, and that they ceased to be a lien on the mortgaged property.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Fulton county; the Hon. JOHN C. BAGBY, Judge, presiding.

Messrs. McCAGG & CULVER, for the plaintiff in error:

If plaintiff in error advanced the money to pay the coupons first maturing upon the bonds secured by the trust deed to him, it was inequitable to decree that he release the security until he should be fairly reimbursed.

A coupon remains a lien under a mortgage when it is detached from the bond, and is owned by one party while another owns the bond itself. *City of Aurora* v. *West,* 7 Wall. 105; *Miller* v. *Railroad Co.* 40 Vt. 401; *Sewell* v. *Brainerd,* 38 id. 364; *Haven* v. *Depot Co.* 109 Mass. 88; *Beaver County* v. *Armstrong,* 44 Pa. St. 63.

Whether the security shall be regarded as extinguished, or be held in force for the benefit of the party making the advance, depends upon the intent of the party making the advance. A superior equity must intervene to prevent the security being maintained. *Harbeck* v. *Vanderbilt,* 20 N. Y. 395.

The fact that Pearce retained the coupons in his possession uncancelled, and presented them on the hearing, is the strongest evidence to show he had no intention to have them treated as satisfied.

A trustee in a deed of trust has no power to release the same except upon a surrender and cancellation of the bonds secured. *Land Co.* v. *Peck,* 112 Ill. 408.

Mr. W. C. GOUDY, for the defendant in error:

The coupons produced by Pearce were not sold by the Haskell & Barker Car Company to him. He paid these coupons

at the request of Bryant, treasurer of the Forsythe Coal Mining Company. The money advanced by Pearce to pay these coupons was repaid to him.

It was not necessary that the bonds should be cancelled or paid. Even if Pearce has a claim, it is not covered by the mortgage, and there are no grounds on which he can be subrogated to the rights of the Haskell & Barker Car Company. *Brown* v. *Gadsden*, 1 Speer's Eq. (S. C.) 41; *Shinse* v. *Budd*, 14 N. J. Eq. 234.

A stranger paying the debt of another will not be subrogated to the creditor's rights, without an agreement to that effect. Leading Cases in Equity, 154, note 1; *Swan* v. *Patterson*, 7 Md. 164; *Bank* v. *Merton*, 2 Brock. 254; *Burr* v. *Smith*, 21 Barb. 262.

Such payment absolutely extinguishes the debt. *Sanford* v. *McLane*, 3 Paige, 117; *Douglass* v. *Fagg*, 3 Leigh, 588; *Banta* v. *Gavow*, 1 Sandf. 384; *Wilkes* v. *Harper*, 1 Com. 586.

When a third person, at the instance of the mortgagor, pays a part of the mortgage debt, but takes no assignment of the mortgage, and no agreement for any, he is not thereby subrogated to the right of the mortgagee, as against a subsequent incumbrance. To effect this, there must be something more than mere payment and silent receipt of the money by the mortgagee. 1 Jones on Mortgages, 877; *Virginia* v. *Canal Co.* 32 Md. 501; *Swan* v. *Patterson,* 7 id. 164; *Collins* v. *Adams*, 53 Vt. 433.

But if a third person pays the whole of the mortgage debt at the request of the mortgagor, and receives the note and mortgage as security for the money advanced, he is, in equity, subrogated to the rights of the mortgagee. 1 Jones on Mortgages, sec. 877; *Caudle* v. *Murphy*, 89 Ill. 352.

A mere stranger or volunteer can not, by paying a debt for which another is bound, be subrogated to the creditor's rights in respect to the security given by the real debtor. But if the person who pays the debt is compelled to pay for the protec-

tion of his own interests and rights, then the substitution should be made. *Hough* v. *Insurance Co.* 57 Ill. 318; *Young* v. *Morgan*, 89 id. 199; *Beaver* v. *Slanker*, 94 id. 183.

Cases in which party paying may be subrogated: *Bishop* v. *O'Connor*, 69 Ill. 431; *Tyrrell* v. *Ward*, 102 id. 29; *Powell* v. *Allen*, 11 Bradw. 129; *Darst* v. *Bates*, 95 Ill. 493; *Bayard* v. *McGraw*, 1 Bradw. 134; *Small* v. *Stagg*, 95 Ill. 39.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The Forsythe Coal Mining Company, being indebted to the Haskell & Barker Car Company, for cars purchased, $24,000, and for interest thereon, $1000, on the 15th of June, 1874, executed therefor thirty-five bonds, of $1000.each, payable in three years, with interest at ten per cent per annum, payable semi-annually, on the 15th of June and December of each year, evidenced by coupons attached to the bonds; and at the same time also executed a deed of trust to J. Irving Pearce to secure the bonds. The bonds were not paid when due, and on the 15th of June, 1877, the Forsythe Coal Mining Company executed a promissory note for $35,000 to the Haskell & Barker Car Company, due in one year, with interest at ten per cent per annum, payable semi-annually, and at the same time also executed a deed of trust, of the same property as that conveyed by the first deed of trust, to Henry T. Haskell, as trustee, to secure the payment of the promissory note. The car company also retained the unpaid bonds and the first deed of trust as security for the debt. Default was made in the payment of the promissory note when due, and on the 22d of August, 1878, Henry T. Haskell, the trustee in the second deed of trust, sold and conveyed the property described in the deeds of trust, by virtue of and pursuant to the terms of the power in the second deed of trust, to the Haskell & Barker Car Company, for $23,000, and that amount was then credited on the promissory note. The Haskell & Barker Car Company sold and conveyed the property thus conveyed to it, to William C. Goudy and

S. Corning Judd, on the 20th of December, 1878, and at the same time, and as a part of the same transaction, it also sold and delivered to them the thirty-five bonds and the promissory note. Goudy and Judd sold and conveyed the property to the Bryant Coal Company, on the 15th of January, 1879.

On the 6th of July, 1882, the Bryant Coal Company procured the consent of Goudy and Judd, then the holders and owners of the thirty-five bonds, to the release of the mortgaged property, and at the same time said company procured resolutions to be passed by its board of directors, requesting Pearce, the trustee, to release the property from his deed of trust, in which request the Forsythe Coal Mining Company joined. Pearce was requested, a number of times, to execute such a release, but he failed to do so, and on the 23d of March, 1883, a certified copy of the resolutions requesting the release, with the consent of the Forsythe Coal Mining Company, and also of Goudy and Judd, were formally presented to Pearce, and the offer made to pay him his reasonable costs, expenses and charges, and requesting him to execute a release of all of the property. Pearce refused to make the release.

The Bryant Coal Company filed a bill in the circuit court of Fulton county, on the 29th of March, 1883, against Pearce, Goudy, Judd, and the Forsythe Coal Mining Company, setting up substantially the foregoing facts, and praying that Pearce be decreed to execute a release of the first trust deed. Pearce, Goudy and Judd filed answers, to which replications were filed, and on the 31st of December, 1883, Pearce filed a cross-bill, alleging that he held the coupons annexed to the bonds secured by the first deed of trust, falling due December 15, 1874, amounting to $1750, and that the same remained unpaid, claiming that all of the bonds and the other coupons had been satisfied. He claimed to be subrogated to the rights of the Haskell & Barker Car Company in those coupons, and prayed for an account, and a decree requiring the payment to him of such sum as was due upon those coupons, and that the bonds

and remaining coupons be declared paid and satisfied. The Bryant Coal Company, and Goudy and Judd, filed answers to the cross-bill, denying that anything was due Pearce upon the coupons in his possession, alleging that if he advanced any money on account of them, he was repaid the amount so advanced, and that if this be not true, still, that if Pearce advanced any money for the payment of the coupons, he did so as a general creditor of the company, without any security or lien therefor. Replication was filed to this answer. On final hearing, on December 22, 1885, the court decreed that the prayer of the cross-bill be denied, and that the prayer of the original bill be granted, and that Pearce execute a release of the deed of trust made to him, and in default thereof, that the master in chancery execute such release. Pearce appealed from that decree to the Appellate Court for the Third District, and that court, at its November term, 1886, affirmed the decree of the circuit court. The record is brought before us on writ of error upon that judgment.

Pearce, simply as trustee, had no interest in the trust. He had only to perform the duty of selling the property upon default in payment of the amount secured, pursuant to the terms of the power; and it results, from the undoubted rights of the debtor and creditor to extend the time of payment, change the form of the indebtedness, and to exchange or wholly release the securities held for its payment, by mutual agreement, that the taking of the second deed of trust on the same property, for the same indebtedness, in a different form, (if such was the fact,) and a sale of the property under the second deed of trust, operated, in equity, as a satisfaction of the first deed of trust. It can be of no possible concern to the trustee that the evidences of indebtedness are not surrendered or cancelled, if the creditor and debtor desire that they shall not be. The trustee, as such, represents no one but the creditor and debtor, or those standing in their stead, and there can be no reason why

a creditor may not voluntarily release a security that would not equally prevent his giving away property of any kind.

What was said in *Chicago and Great Western Railroad Land Co.* v. *Peck et al.* 112 Ill. 408, cited by counsel for plaintiff in error, was upon the assumption, authorized by the facts then under consideration, that the release of the trustee was not requested or authorized by those interested in the ownership of the debt, and, in that view, is undoubtedly correct; but it has no relevancy to a case where the creditor and debtor agree that the security shall be released. A trustee may, however, become an owner of a part of the indebtedness secured by his deed of trust, and when he does so, he can, of course, be concluded as to the indebtedness of which he is owner, by no agreement between the debtor and the holder of the remainder of the indebtedness to which he is not a party.

The only question, then, material to be inquired into here is, whether Pearce is the owner of the coupons maturing on the 15th of December, 1874. He alleges that he is, and the burden is upon him to prove the fact. The lower courts found that the evidence was insufficient to sustain the allegation, and after having given the evidence preserved in the record, careful consideration, we do not feel authorized to say that that conclusion is wrong. Pearce, himself, testifies that he purchased the coupons at the request of Bryant, who was, at the time, the treasurer and business manager of the Forsythe Coal Mining Company. The fact that Pearce furnished the money which was paid to the Haskell & Barker Car Company, the owners and holders of these coupons, is admitted; but there are two answers to the claim of Pearce, either one of which is sufficient: First, that he was repaid the money thus furnished; and second, that instead of purchasing, he simply paid off the coupons, and thereby became a general creditor of the Forsythe Coal Mining Company, instead of an owner of the coupons.

*First*—Pearce denies that he has been repaid the amount he thus advanced, and he is corroborated in this by the pos-

session of the bonds. Bryant testifies, however, equally posi-
tively, that he has been repaid the amount, and he shows, that
in view of the business, and the peculiar way in which it was
transacted between him and Bryant, there is nothing incon-
sistent with his version in the fact of Pearce's possession of
the coupons. There is, moreover, this strongly corroborating
circumstance in favor of the correctness of Bryant's testimony.
The payment of the thirty-five bonds and interest was guaran-
teed in writing on the back of the bonds, by Henry L. Bryant,
William C. Goudy and S. Corning Judd. It is not contended
the amount could not have been collected from these guaran-
tors, and it is proved that Pearce never made any claim upon
either of them for payment of it, and the proof also further
shows that Goudy, in 1878 or 1879, requested Pearce to release
two of the lots described in the deed from its operation, which
Pearce did without then making any claim that he had any
personal interest in the mortgage.

*Second*—The rule is, that the demand of a creditor which is
paid with the money of a third person, without any agreement
that the security shall be assigned or kept on foot for the bene-
fit of such third person, is absolutely extinguished. Sheldon
on Subrogation, sec. 3; *Gadsden* v. *Brown*, 1 Speer's Eq. (S. C.)
41; *Sanford* v. *McLane*, 3 Paige, 117; *Banta* v. *Garow*, 1 Sandf.
384; *Wilkes* v. *Harper*, 1 Comst. 586; *Douglass* v. *Fagg*, 3
Leigh, 588; *Hough* v. *Ætna Life Ins. Co.* 57 Ill. 318; *Small
et al.* v. *Stagg*, 95 id. 39.

Haskell, president of the car company, testified that he did
not sell the coupons to Pearce, but that Pearce paid them, and
Bryant testified that Pearce paid them for him. The pre-
ponderance is clearly that there was simply a payment of the
coupons.

We find no sufficient ground upon which to reverse the
judgment below. It is therefore affirmed.

*Judgment affirmed.*