DOUGHERTY v. DEENEY ET AL.

1. **Promissory Note:** PAYMENT: INSTRUCTION. In an action upon a promissory note alleged to have been purchased by the defendant for the plaintiff's intestate, with money furnished by the latter, wherein defendant pleaded payment, it is proper to submit to the jury the question whether the transaction constituted a payment or a purchase of the note.

2. ————: PRESUMPTION OF PAYMENT. While the mere delivery of money by the payer to the holder of a note is presumptive evidence of payment, yet this presumption may be rebutted by circumstances.

*Appeal from Allamakee Circuit Court.*

THURSDAY, MARCH 22.

THE plaintiff, as administrator of the estate of Patrick Deeney, deceased, claims of the defendants the amount of a promissory note executed by the defendants, for the sum of $281.80, payable to Charles O'Neil or order, and alleges that Patrick Deeney in his lifetime purchased the note, and it was transferred to him by delivery and assignment without indorsement.

The defendants deny that Patrick Deeney acquired the note by purchase, and that it was transferred to him by delivery and assignment; and allege that the note was paid by the defendant, John B. Deeney, to the payee thereof while the note was his property. There was a jury trial and a verdict and judgment for plaintiff for $538.80. The defendants appeal. This case was before us upon a former appeal. See 41 Iowa, 19.

*L. O. Hatch* and *L. E. Fellows*, for appellants.

*Dayton & Dayton* and *John T. Clark*, for appellee.

DAY, J.—I. Evidence was introduced tending to show that Isaac Becktel was trustee of Charles O'Neil's estate, and

managed it. The firm of Kerndt & Bros., of Lansing, made collections for Becktel, as such trustee, and had possession of the note in controversy. Moritz Kerndt, a member of this firm, produced a memorandum book of the firm, upon which entries were first made, and also book "J," to which the entries were transferred the same evening, or the next day. There is an entry upon the memorandum book as follows: "June 17, 1867, Isaac Becktel, Cr. Cash by Deeney, $250." In book "J" there is an entry as follows: "June 17, 1867, Isaac Becktel, Cr. Cash by P. Deeney f note $250.00." The witness testified that the entry in book "J" would indicate that $250 paid a note or was paid on a note.

The defendant, John B. Deeney, son of Patrick Deeney, deceased, testified as follows: "I paid the note in question to Guss Kerndt in his store in Lansing, and got the note from him; Harkins, John T. Clark, and my father, Patrick Deeney, were present at the time; I paid the note the 16th or 17th of June, 1867; I paid $250 in money; nothing had been paid on the note before; I got the money from my father, in Kerndt's store; I handed the money to Guss Kerndt and he handed me my note." The witness further testified that he brought the note home and put it in an account book in his bureau drawer, which was unlocked, and that he never saw it again during the lifetime of his father.

The wife of the defendant, John B. Deeney, testified the same, substantially, as to the placing of the note in the bureau drawer. At the time of this transaction Patrick Deeney lived with his son John B. Deeney. Sometime in 1868 Patrick Deeney went to live with his son, James B. Deeney, and remained about three months, when he returned to John B.'s. He remained with John until about nine months before his death, when he went to live with James, where he died, in February, 1874. In 1868 he gave the note in question to the wife of James B. Deeney, and told her to put it away. The note remained at the house of James B. until the plaintiff took possessession of it as the administrator of the estate of Patrick Deeney.

The court gave the jury the following, amongst other in-

structions: "That the note in question was in the hands of Kerndt & Bro., and that it was paid by either John B. Deeney or purchased by his father, Patrick Deeney, there is no dispute; but you are to determine whether the transaction at Kerndt's, in Lansing, was a payment of the note by John B. Deeney, or a purchase of the note by his father, Patrick Deeney. The evidence undisputed is that Patrick Deeney handed the money to John B. Deeney, which was given to Kerndt & Bro. for the note; and it is for you to say what the understanding was between John B. Deeney and his father, as to whether the transaction there was a payment of the note for John B. Deeney, or a purchase of the note for Patrick Deeney.

*1. PROMISSORY note: payment: instruction.*

"If it was the understanding between John B. and Patrick Deeney that the note should be taken up and held by or for Patrick Deeney till it should be paid to him, then the transaction was a purchase of the note, and it is the property of the estate.

"If it was the understanding that the note was to be kept for the use of the father, in consideration of his furnishing the money with which to obtain it, and John B. took it home and put it in his drawer and the father afterward took it out, such fact would not defeat the right to recover on the note."

The defendants excepted to these instructions and now assign the giving of them as error. It is insisted that there is no testimony to which they are pertinent. It is certain, however, that the note was bought by Patrick Deeney, or paid by John B., and it cannot be denied that there are circumstances which raise a presumption, more or less strong, that John B. did not pay the note. These are the facts that he put it away in his drawer without cancellation or mutilation, and that it was afterward in the possession of Patrick Deeney, which raises a presumption that the note was his. See this case on the former appeal, 41 Iowa, 19 (21). From these facts the jury might fairly infer that the note had been bought by Patrick Deeney, and had not been paid by John B., as he claims. It was competent for the court to submit the deter-

mination of the question to the jury; and it was properly done in these instructions.

II. The defendants assign as error the refusal of the court to give the following instruction: "In the absence of proof 2. ——: presumption of payment. explaining by what arrangement the defendant got the money from his father the legal presumption is that the father owed him that amount. In other words, if you believe that Patrick Deeney furnished to his son the money with which the note was obtained, and there is no proof of what the contract was between the father and the son in regard to the money, the legal presumption is that the father, in handing the money to the son, was paying the son a debt of that amount."

Appellants cite and rely upon 1 Greenleaf on Evidence, section 38, as follows: "But the mere delivery of money by one to another, or of a bank check, or the transfer of stocks, unexplained, is presumptive evidence of the payment of an antecedent debt, and not of a loan."

If nothing had been proved but the *mere delivery* of the money to John B. Deeney, the instruction asked would have been proper. But here there were several explanatory circumstances. The money was immediately employed in lifting a note which John B. owed; this note was put away without any mark to indicate payment; it was afterward in the possession of Patrick Deeney. These circumstances tend to explain and qualify the act of handing over the money to John B., and remove the presumption which might have existed if no fact other than the handing over of the money had been proved. The refusal to give this instruction was not error.

III. It is claimed that the verdict is not supported by the evidence. John B. Deeney testifies that he paid the note, but there are circumstances in the testimony inconsistent with his testimony. If we were to determine the question *de novo* we might reach a conclusion different from that of the jury. But the verdict is not without evidence to warrant it. The record discloses no error.

AFFIRMED.