DANIEL E. FOGARTY *vs.* THOMAS P. WILSON.

March 9, 1883.

Note—Transaction held not a Payment by a Stranger.—The First National Bank of Minneapolis held a note, which it sent for collection to the German-American Bank of St. Paul. In the latter bank, F. was noteteller, and it was his business to attend to the collection or protesting of notes. He protested the note, but he and the German-American Bank supposed it protested too late, and that by reason thereof he had become liable to the bank, and the latter liable to the First National Bank, for the neglect, whereupon he paid the amount of the note to the bank, and the latter paid it to the First National Bank, that bank not knowing the facts, and subsequently, on being informed of the whole transaction, it indorsed the note to F., with intent to pass the title to him. *Held,* that this did not satisfy the note, so as to discharge the parties liable on it, unless F. or the German-American Bank so paid the money with that intention.

Evidence considered, and *held* as not tending to show such an intention.

· v.30—19

Appeal by defendant from an order of the district court for Ramsey county, *Simons*, J., presiding, refusing a new trial after verdict for plaintiff.

*Geo. B. Young*, for appellant.

The evidence shows that after indorsing the note to plaintiff, (about March 1, 1880,) the German-American bank reported the note as paid and credited as paid—the same report and credit it would have given the First National bank, had the note been collected from a party liable on it. It did not report that the money collected was in fact the proceeds of a sale. There is no evidence that the First National was ever informed of the transaction between the German-American and plaintiff, and it must have received, accepted and retained the payment as being just what it was reported to be. The German-American had no title under the indorsement for collection, and could transfer none, and the proof is undisputed that it did not assume or intend to transfer the title of the First National. The plaintiff and the bank officers are agreed that they supposed the failure to protest made the German-American the owner of the note, and that it was the purpose of the indorsement to plaintiff to transfer this supposed title only. The transaction must have been either a payment to or a sale by the First National. It was not a sale, for the First National could not be made a seller without its knowledge or consent; and it was a payment by the German-American with money furnished by the plaintiff. *Lancey* v. *Clark*, 64 N. Y. 209; *Burr* v. *Smith*, 21 Barb. 262; *Eastman* v. *Plumer*, 32 N. H. 238. And see *Harrison* v. *Hicks*, 1 Porter, (Ala.) 523; *Blundell* v. *Vaughan*, 20 Miss. 625; *Jones* v. *Wilson*, 3 John. 434; *Belshaw* v. *Bush*, 11 C. B. 191; *Cook* v. *Lister*, 13 C. B. (N. S.) 543, 578, 582, 594; *Simpson* v. *Eggington*, 10 Exch. 845; *Walter* v. *James*, L. R. 6 Exch. 124; *Felton* v. *Bissell*, 25 Minn. 15; *Sandford* v. *McLean*, 3 Paige, 117, 122.

The indorsement "without recourse" made by the First National in June, 1881,—15 months afterwards,—could not operate as a ratification of the sale, which was not made nor understood to be made on its behalf, nor operate to change a sale of the German-American's supposed title into a sale of the title of the First National. Nor is

there any evidence that the latter ever knew of the sale or intended to ratify it.

Even if, as against the maker of the note, the payment could be rescinded and a sale made, (and there is no evidence of any rescission or intent to rescind,) this could not be done to the prejudice of the guarantor.. He guarantied the "collection" of the note. While still owned by the First National, and about March 1, 1880, it was collected, and the full amount due upon it was received by the owner as and for a payment. It is immaterial from whom the owner collected the sum that was received and accepted as payment. The note having been collected, whether from the maker or a stranger, the guaranty was *functus officio*, and the guarantor discharged.

It appears that long before the indorsement in June, 1881, the defendant knew the First National had received the amount of the note, and he believed the note paid. During the period between March, 1880, and June, 1881, the First National (the owner of the note, if it was a subsisting note) could not have sued the maker upon it, and certainly the plaintiff could not. *Cook* v. *Lister, supra; Archambau* v. *Green,* 21 Minn. 520. This suspension of the right of action against the maker discharged the guarantor, (2 Lead. Cas. in Eq. 1908,) and his liability could not be revived by the indorsement made in June, 1881.

*O'Brien & Wilson,* for respondent.

GILFILLAN, C. J. Action on defendant's guaranty of a promissory note, made by one C. S. Wilson, payable to the order of D. Syme & Bro. The answer in effect denies plaintiff's title and alleges payment. On the note is a general indorsement by D. Syme & Bro., and another (without recourse) by the First National Bank of Minneapolis. The transaction which plaintiff claims transferred the note to him, and which defendant claims amounted to a payment, so that the note was discharged and could not be transferred to plaintiff, was this: D. Syme & Bro. transferred the note, before its maturity, to the First National Bank of Minneapolis. That bank sent it for collection to the German-American Bank of St. Paul. Plaintiff was the note-teller of this bank, and it was his business to attend to the collection or protesting of notes. He protested this note, but he

and the bank supposed he had failed to protest in time. He thereupon paid the amount of it to the German-American Bank, and that bank thereupon indorsed the note to him, and paid the amount to the First National Bank. The latter bank afterwards, upon being informed of the whole transaction, indorsed the note without recourse for the purpose of passing the title to plaintiff. The title was thus vested in him, unless the note was discharged, as to the parties liable on it, by the transaction between him and the German-American, or between that and the First National. What effect the payment of the money by plaintiff to the German-American and by the latter to the First National had upon the note, depends upon the intention with which it was paid. If paid with intent to satisfy the note, the payment had that effect; but if without that intent, it of itself, and without reference to any action of the First National after knowledge of that fact, had no such effect; for the relation between the parties paying the money and those liable on the note was not such as to give the latter any right to have the payment appropriated to their benefit, contrary to the intention of the parties making it.

Upon the evidence bearing on this point, the plaintiff was clearly entitled to a verdict. There was none tending to prove that either the plaintiff or the German-American Bank had any intention to pay the money for the purpose of discharging the note, or to pay it for or on behalf or for the benefit of the parties liable upon it. It appears that plaintiff supposed himself liable to the German-American for his failure to protest the note, and that bank supposed itself liable to the First National for such failure, and each paid the money to discharge such supposed liability, and neither intended to discharge, or supposed the payment would have the effect to discharge, the contract liability of the parties to the note. It is also incontrovertible on the evidence that they supposed that, upon his paying to the bank the amount of the note, it could transfer the title to him, and he could take it and hold and enforce it against the maker and guarantor, and for that purpose the bank indorsed it to him. In this they were mistaken. The bank could not pass the title, because it was in the First National Bank. But neither that mistake, nor their mistake as to

their liability for failure to protest, could make the payment operate as a payment and satisfaction of the note contrary to their intention. Whether the First National Bank could have given it that effect by retaining the money as a payment of the note after it was informed of the character of the transaction, it is unnecessary to decide, as it did not so retain it.

The plaintiff having been entitled to a verdict, it is unnecessary to consider whether there was error in the charge.

Order affirmed.