HARDY JONES v. T. T. BOBBITT and others.

*Evidence to rebut presumption of payment—Judge's Charge—
Action for specific performance of contract.*

In an action for specific performance of contract for the purchase of land, the plaintiff claimed he had paid the notes given for the price, but the defendant alleged that the plaintiff after paying a part took up the original notes by giving a new note for the balance. The plaintiff replied that the new note was for a consideration other than the purchase money, and put in evidence the original notes marked "settled" and "satisfied in full"; and it further appeared that for eighteen months after such settlement the plaintiff had failed to demand a conveyance of the land, and the defendant introduced no evidence; *Held*,

(1) The defendant was entitled to the instruction asked to the effect that there was some evidence to go to the jury to rebut the presumption of payment of the purchase money arising from the bare possession of the original notes.

(2) Where one party introduces evidence in support of his allegation, the opposite party is also entitled to the benefit of it as tending to support his counter allegation.

(*Boing* v. *Railroad*, 87 N. C., 360; *State* v. *White*, 89 N. C., 462, cited and approved).

CIVIL ACTION for specific performance of a contract tried at Fall Term, 1883, of GRANVILLE Superior Court, before Mac-Rae, J.

The defendants appealed from the ruling and judgment of the court below.

*Mr. J. B. Batchelor*, for plaintiff.
*Messrs. E. C. Smith* and *Fuller & Snow*, for defendants.

MERRIMON, J. The action is brought to compel the specific performance of a contract in writing under seal, whereby the ancestor of the defendants agreed and obliged himself to convey to the plaintiff certain lands therein mentioned, upon the payment of the purchase money therefor by the plaintiff.

The plaintiff alleges that the purchase money has been paid, and this the defendants deny, averring that the plaintiff, at the time of the execution of the bond for title, executed three promissory notes for the purchase money; that he paid part thereof, and upon a settlement and ascertaining the balance unpaid, the plaintiff took up these notes and gave his other new one for the balance due; that this balance has not been paid, and remains due.

The plaintiff, in his replication, denies the allegations of the defendants, admits that on or about the day of the settlement of the notes for the purchase money, he executed to the obligor in the bond for title, his note, but not for the balance of the purchase money, and avers that the same was given for consideration other than the purchase money, and that no part of the same remains unpaid.

Upon the trial, the court submitted to the jury an issue involving the question whether or not the purchase money had been

paid. The evidence was meagre and unsatisfactory. We are not satisfied that all the purchase money had been paid.

The plaintiff produced in evidence on the trial the bond for title, and the three original notes given by him for the purchase money on which certain credits were entered. On the face of two of them were written the words, "settled, January 20th, 1880. Rufus Bobbitt, W. A. B." On the face of the third one, the words, "satisfied in full," were written, and this was all the evidence offered on the part of the plaintiff to prove the payment.

The defendant introduced no evidence, but contended that the production of the notes given for the purchase money simply raised a presumption of the payment of them by the plaintiff; that the admission in the verified complaint and replication of the plaintiff contributed to make evidence tending to rebut the presumption of payment; that the entry on the face of one of the notes, "satisfied in full," and on the other two, "settled, January 20th, 1880," the exact date of the note which the defendant alleged was given in settlement of the balance due upon them, and which the plaintiff admits was given on or about that day, but for other considerations; and that the delay to demand the title for eighteen months after the notes for the purchase money were "settled," and the failure to demand title at the date of such settlement, constituted some evidence to go to the jury to rebut the presumption that the purchase money was in fact paid, and prayed the court to so instruct the jury.

This prayer the court declined to give, but told the jury that the possession and production of the three notes for the purchase money by the plaintiff was presumptive evidence of their payment, and that the defendants have offered no evidence to rebut the presumption of payment, and that they should find the issue in favor of the plaintiff. Thereupon the defendants excepted. The jury rendered a verdict for the plaintiff, and the court gave judgment accordingly and the defendants appealed.

It is a plain principle of law, that if one party in an action,

in the introduction of evidence to support his allegations, introduces evidence to support the averments made by his adversary, the latter is entitled to the full benefit of it. Evidence received on the trial must have its legitimate weight and effect upon the matter in question, without regard to the party offering it. The object of the law is to ascertain the truth, and to base its judgments and decrees thereon.

We do not concur with the court in holding that there was no evidence to go to the jury, tending to rebut the presumption of payment arising from the bare possession of the notes given for the purchase money. It may well be that these notes were in fact discharged, or rather taken up, by another note of the plaintiff. This would not be such a payment of the purchase money for the land as would entitle the plaintiff to have title therefor. In order to obtain title, he must have paid the money or other valuable thing in lieu thereof. His renewed promise to pay was not sufficient, and the real enquiry presented by the pleadings in this case was, did the plaintiff pay the cash money, or its equivalent in discharge of the notes for the purchase money he " settled " and took up, or did he give for them his own other note? This issue, it seems to us, was not well tried, and we think there was *some evidence* to go to the jury tending to show that the money was not in fact paid.

The presumption of fact of payment was not a strong one, in view of the ambiguous meaning of the word " *settled* " written on the face of two of the notes, with this uncertainty increased by the words " *satisfied in full* " written on the face of the third one. These facts of themselves are very suggestive, and produced doubt upon our minds as to how the notes for the purchase money were " settled."

The evidence must be taken with the circumstances going to control its weight. The ambiguous word " settled," upon the face of the note, might not of itself be evidence at all to rebut the presumption; but when it is taken in connection with the words "satisfied in full," strength is added to it,

and when to this is added the other fact that the plaintiff delayed demanding title to the land for eighteen months, leaving the facts as to the execution of a new note on the day of the *settlement* of the notes for the purchase money out, because they were not introduced as evidence, we think there was some evidence to go to the jury tending to rebut the presumption.

If the facts and circumstances mentioned, and treated by the court as *no evidence,* had gone to the jury, and, in view of the character and slight weight of all the evidence, and the presumption of fact under the circumstances of the entries on the face of the notes, they had found a verdict for the defendants upon the question of payment, such finding could not be treated as absurd, or altogether unreasonable and not to be allowed by the court. If there was evidence at all, the defendants were entitled to have it go to the jury for what it was worth, and if the facts and circumstances constituted some evidence, however slight, the court ought to have told the jury so, and to give such weight to it as they might deem just. *Boing* v. *Railroad*, 87 N. C., 360; *State* v. *White*, 89 N. C., 462; *State* v. *James,* decided at this term.

We think there was some evidence to rebut the presumption of payment in the sense of the issue submitted, and the court ought to have so instructed the jury.

There is error for which the defendants are entitled to a new trial. Judgment reversed, and a new trial awarded. Let this be certified.

Error.                                             *Venire de novo.*