ROGER F. CAPWELL *vs.* JOHN T. MACHON *et al.*

PROVIDENCE—JANUARY 19, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Bills and Notes. Transfer. Payment. Question of Fact.*

Title to a negotiable note endorsed in blank passes by delivery, after maturity, irrespective of an express assent to the transfer by the holder.
The question whether the transaction between the holder and the transferee is a payment or transfer is one of fact.

ASSUMPSIT on promissory note. The facts are stated fully

in the opinion.   Heard on petition of defendants for new trial.   New trial denied.

STINESS, J.   The plaintiff sues as holder of a promissory note on which the defendants were endorsers.   The note was made by Thomas W. Hedley, April 5, 1894, for $300, payable to Machon, at Slater National Bank, Pawtucket; endorsed by payee to defendant Tingley, and discounted for him at Slater National Bank.   The note was not paid at maturity, was protested, and the endorsers were notified.   A few days after the protest the plaintiff, having been told by the maker that he was unable to take up the note, that it was good and that the plaintiff had better buy it, went to the bank, paid the full face of the note and protest, requesting that it be given to him without cancellation, nothing being said about buying it, and received it from the teller, who testifies that he had no authority to sell the note.   Hedley, the maker, died September 30, 1894, and April 15, 1895, the plaintiff notified the endorser, Tingley, by letter, that he had the note in his hands for collection.   November 15, 1898, he brought this suit.   The question is whether there was a payment or sale of the note.

The defendants claim that the act of the plaintiff, he being a stranger to the note, amounted, *ipso facto*, to a payment.

Some text-books state this as a rule : Edwards on Bills and Prom. Notes, 1st ed. p. 536 ; Sheldon on Subrogation, 220 ; Daniels on Negotiable Instruments, 4th ed. § 1222.   All of these statements rest on *Burr* v. *Smith*, 21 Barb. (N. Y.) 262. An examination of that case, however, shows that the decision rested on a presumption of payment, because the alleged purchaser of the note was not a witness, and there was no testimony to show in whose behalf he paid the money or whose money it was with which the payment was made. The head-note of the case goes beyond this, and it has been cited as authority for the proposition that payment of a note by a stranger, followed by a transfer to him without a contract of sale, is a payment of the note itself.

The defendants also rely on *Binford* v. *Adams*, 104 Ind.

41. The opinion states that whether a transaction is a payment that will extinguish the debt is generally a question of fact. While it appears in that case that the note was probably paid with the money of the plaintiff's intestate, the court holds that there could be no sale of the note without the holder's assent. It appears from the statement of facts that the note was endorsed to the holder, but not endorsed by him to the plaintiff's intestate. Hence, the court says, there was no assignment of the note to the stranger by whom it was paid.

Fairly considered, both these cases go no further than to decide that the question of payment or transfer is a question of fact, and that in each case there was in fact no transfer. The strongest point made against a transfer is that made in the last-named case : that there cannot be a sale without an intent of the holder to sell. But, as said in *Ketchum* v. *Duncan*, 96 U. S. 659 : "It is as difficult to see how there can be a payment and extinguishment thereby of a debt without an intention to pay it, as it is to see how there can be a sale without an intention to sell."

The fact that a negotiable note is transferred after maturity is not important, except as to equities between prior parties, which are not set up in this case. The mere fact that it is overdue does not deprive it of its negotiable character. It may still pass from hand to hand *ad infinitum* 4 Am. & Eng. Ency. Law, 2d ed. p. 246, note 8. The note in this case was endorsed in blank, and title to it passed by delivery. In such cases a transfer to a stranger raises no legal presumption of payment. In *Wood* v. *Guarantee Co.*, 128 U. S. 416, the question was upon interest coupons on city bonds, which had been dishonored before transfer. Mr. Justice Lamar quoted from *Ketchum* v. *Duncan*, with approval : "A transfer of possession is presumptively a transfer of title. And especially is this true when the transfer is made to one who is not a debtor, to one who is under no obligation to receive them or to pay them. A holder is not warranted to believe that such a person intended to extinguish the coupons when he hands over the sum called for by them

and takes them into his possession. It is not in accordance with common experience for one man to pay the debt of another, without receiving any benefit from his act."

*Dodge* v. *Freedman's Co.*, 93 U. S. 379, was a case of notes. Mr. Justice Hunt said : "What the holder was entitled to was his money. If the maker had anything to say or do in the premises, it was to present himself with the money when the notes matured, pay them, and secure his obligations. Failing in this he leaves the securities to be dealt with as others interested may choose. There would appear, therefore, in the nature and propriety of the subject, to be no objection to a transfer to a third person paying the money, instead of a technical payment and discharge of the notes. It is to be observed, also, that payment technically can only be made by a party to the bill, or by a stranger *supra protest*. Chitty on Bills, 392."

In *Runyon* v. *Clark*, 4 Jones Law (N. C), 52, it was held that where a third person pays the sum called for in a note and takes it into his possession, it is a question of fact whether he intended to pay it or to purchase it. So, also, *Swope* v. *Leffingwell*, 72 Mo. 348 ; *Fogarty* v. *Wilson*, 30 Minn. 289, a suit against a guarantor. *Dougherty* v. *Deeney*, 45 Iowa, 443 ; *Jones* v. *Bobbitt*, 90 N. C. 391 ; *Pacific Bank* v. *Mitchell*, 9 Met. 297 ; *Chappell* v. *Allen*, 38 Mo. 213.

In *Coykendall* v. *Constable*, 99 N. Y. 309, a suit against sureties, the plaintiff, at the request of the principal, and upon the understanding that the note should be transferred to him, delivered to the bank the amount due thereon and received the note. The money was forwarded to the payee, who received it without knowing but that it was a payment ; after learning the facts, however, he retained the money. In an action on the note it was held that although the bank had no authority to sell, yet the retention of the money by the payee, after knowledge, and his omission thereafter to demand the note or assert title thereto, was a ratification of the sale ; and that, at least in the absence of evidence that the sureties had been, by information and a consequent belief

that the note was paid, induced to remain quiet and so had been injured, the plaintiff was entitled to recover.

See also 2 Pars. on Bills and Notes, 216 ; Byles on Bills (Sharswood's ed.), 216 ; 3 Randolph on Com. Paper, § 1438.

(1)     Upon the reasoning in these cases we think it is sufficiently clear that title to the note, endorsed in blank, passed by delivery, irrespective of an express assent to a transfer by the holder, and that the question of payment or transfer was a question of fact.  The verdict of the jury, given for the plaintiff, under proper instructions, finds a transfer and not a payment, and the evidence is sufficient to support it.

Petition denied, and case remitted for judgment.

*Robert W. Burbank*, for plaintiff.

*L. J. Tuck*, for defendants.