## PACKERS FERTILIZER ASSOCIATION v. HARRIS.

[No. 6,378.    Filed July 1, 1908.]

1. APPEAL.—*Briefs.—Waiver.*—Alleged errors not discussed are waived.  p. 242.
2. SAME. — *Weighing Evidence. — Conditional Affirmance.*—Where the evidence most favorable to the plaintiff in a case for damages for breach of contract does not sustain the full amount of the judgment rendered, the Appellate Court will reverse such case or affirm it conditionally.  p. 242.
3. CONTRACTS.—*Breach.—Damages.—Principal and Agent.*—Where defendant refused to deliver 87 tons of fertilizer contracted to its agent, on which such agent sustained a certain loss per ton, he is not entitled to damages for loss on the full amount, where he secured 16 tons from another source, making the same profit thereon as if obtained from defendant.  p. 242.
4. SAME.—*Refusal to Perform.—Demand.*—Where defendant notified plaintiff that it would not perform its contract, a demand by him for performance was not necessary.  p. 243.
5. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.  p. 243.

From Dubois Circuit Court; *E. A. Ely,* Judge.

Action by Nelson Harris against the Packers Fertilizer Association. From a judgment for plaintiff, defendant appeals. *Affirmed conditionally.*

*Richard M. Milburn,* for appellant.

*Cox & Hunter,* for appellee.

COMSTOCK, J.—Appellee sued appellant for damages for failure to deliver fertilizer pursuant to contract.

The complaint is in two paragraphs. Each alleges that the defendant was a corporation organized under the laws of the state of Illinois and engaged in the manufacture and sale of fertilizer; that on January 26, 1905, defendant and plaintiff entered into a contract, partly in parol and partly in writing, whereby it appointed plaintiff as its agent for Dubois, Orange and Crawford counties. The first paragraph further alleges that it was agreed by the terms of the con-

tract that plaintiff should take orders for said fertilizer, and that he did take orders for 100 tons; that defendant agreed to furnish and deliver to plaintiff all fertilizer needed to fill his orders; that it was agreed between them that plaintiff should have a profit of $2 on the ton for all fertilizer sold, and that defendant, without any notice, refused to deliver said fertilizer, and that plaintiff lost profit to the amount of $200; that he lost twenty-three days' time in going to and coming from French Lick, a distance of ten miles, in looking after and seeing whether said fertilizer had come; that his time was worth $2 per day; that his expenses were $1 per day. He asks judgment for $300.

The second paragraph further alleges that plaintiff was to take whatever fertilizer he required up to forty tons, with the privilege of taking more fertilizer, if mutually agreeable to both defendant and plaintiff; that afterwards they mutually agreed that plaintiff should take 140 tons; that he was to have as his profit for the sale of fertilizer all sums of money for which he sold said fertilizer over and above the amounts set out in the contract; that he afterwards took orders for 210 tons, and that his profit for the same was $3 per ton; that after he had sold 150 tons he notified defendant that he would require 150 tons to supply the orders he had taken; that the defendant agreed to furnish all the fertilizer that plaintiff might need, but refused to deliver any part thereof; that plaintiff lost twenty-three days in going to and returning from French Lick, to where said fertilizer was to be delivered, and his expense amounted to $1 per day; that he performed all the conditions of his contract. Judgment is demanded for $450.

Defendant answered the complaint in three paragraphs; the first being a general denial. In the second the execution of the contract is admitted. In substance, it is alleged that, after the making of the contract, defendant learned and was informed and charges the fact to be that plaintiff had

become and was insolvent; that he had not been able to meet his indebtedness, and that there was an unpaid judgment against him for $484; that he was indebted to defendant in the sum of $52.15, and that he was under other pecuniary obligations, and for that reason defendant refused to ship the goods. The third paragraph also admits the execution of the contract in suit, and alleges that, before the goods were to be shipped, defendant learned that plaintiff was unable to pay his debts; that he had guaranteed the payment of certain obligations payable to defendant (setting them out); that they notified plaintiff that the fertilizer would not be shipped until his obligations had been discharged, and that he refused to discharge them. In effect both of said paragraphs plead the insolvency of plaintiff as a defense to the action. Defendant filed a fourth paragraph by way of set-off, based upon a note for $52, executed by plaintiff to defendant, which it alleges to be due and unpaid.

The only error properly assigned and discussed is the overruling of appellant's motion for a new trial. The only reasons for a new trial discussed are that the verdict

1.   is not sustained by sufficient evidence, and that the amount of recovery assessed by the jury is excessive. All others are therefore waived.

There is evidence to sustain a verdict for appellee,

2.   but the view thereof most favorable to him does not warrant the amount awarded by the jury.

Accepting the testimony of appellee as a correct statement of the facts, it appears that he entered into the contract, alleged in the complaint and admitted in the answer,

3.   in January, 1905, in which it was agreed that he was to take from appellant at least forty tons of fertilizer; that he commenced selling in February, and sold forty tons by some time in March; that on April 10, after he had completed the sale of said forty tons, he met Mr. Lindsey, the agent of appellant, and told him he had sold

the forty tons, and Lindsey told him the company would furnish whatever he sold; that under the contract he sold eighty-seven tons; that he subsequently, about April 25, told Lindsey of the amount of his total sales, and Lindsey told him the company was not going to send him the fertilizer. He had actually ordered only twenty-one tons, but

4.  hearing from the company by letter and from their agent orally that the fertilizer would not be sent to him, he was not required to go through the useless form of ordering. Appellee purchased sixteen tons from another dealer to fill an order·he had obtained for said amount on which he made the same profit he would have made from a like amount furnished by appellant. Upon the undisputed evidence, the verdict is excessive in this amount. There

5.  is some evidence to sustain the verdict as to the other questions involved, and we cannot, except as to the amount named, disturb it. If appellee, within thirty days, remits the amount of the profits for said sixteen tons, to wit, $64, the judgment will stand affirmed; if not, the judgment will be reversed, and appellant's motion for a new trial sustained.

Roby, J., absent.