## KOEHLER *v.* HARMON, RECEIVER.

[No. 7,675. Filed June 26, 1912. Rehearing denied December 20, 1912. Transfer denied January 28, 1913.]

1. MASTER AND SERVANT.—*Injury to Servant.—Unguarded Machinery.—Complaint.—Sufficiency.*—A complaint, in a servant's action for personal injuries, alleging that a lathe used in defendant's shops, and which plaintiff was employed to operate, was of dangerous character, that the same could have been guarded, without impairing its usefulness, so as to protect the eyes and face of the operator from injury, that on the day of the injury the dog-plate on said lathe had been removed and plaintiff was directed to use a face-plate thereon instead, that said lathe was thereby rendered unsafe and dangerous, that defendant furnished a defective file to be used in connection with the work on said lathe, and negligently failed to guard said lathe, and that while operating said lathe the file was, by reason of its defective condition and the absence of a guard on said lathe, hurled against plaintiff's face, causing the injury complained of, sufficiently states a cause of action within the provisions of §8029 Burns 1908, Acts 1899 p. 231, requiring certain machinery to be guarded. p. 316.

2. MASTER AND SERVANT.—*Injury to Servant.—Complaint.—Violation of Statutory Duty.—Assumption of Risk.*—The doctrine of assumption of risk does not apply in a servant's action for personal injuries, where the complaint alleges facts showing the master's violation of a statutory duty, and in such case it is unnecessary to allege facts showing that the risk was not assumed. p. 318.

3. APPEAL.—*Review.—Harmless Error.—Exclusion of Evidence.*—Error, if any, in the exclusion of evidence, is harmless, where the record discloses that substantially the same facts were proved in another way. p. 318.

From Superior Court of Marion County (75,703); *Pliny W. Bartholomew,* Judge.

Action by Paul Koehler against Judson Harmon, receiver of the Cincinnati, Hamilton & Dayton Railway Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*George W. Galvin,* for appellant.

*John B. Elam, James W. Fesler* and *Harvey J. Elam,* for appellee.

Felt, J.—Appellant brought this action to recover damages for personal injuries sustained by him while in the employ of appellee. The complaint was in two paragraphs, to the second of which a demurrer was sustained and the case was tried on the first. At the close of appellant's evidence the trial court, on motion by appellee, instructed the jury to find for appellee, and also overruled appellant's motion for a new trial.

The first error assigned and relied on by appellant is that the court erred in sustaining appellee's demurrer to the second paragraph of the complaint.

Omitting the formal allegations this paragraph, in substance, charges that appellee operated large and extensive shops in the city of Indianapolis for the manufacture and repair of appliances used in the operation of a railway; that in said shops appellee operates much machinery; that one of said machines was a lathe, composed of many parts, and having planers, cogs, gearing, belting and set screws; that said lathe was operated by applied power and run at high speed; that the material which was worked on said lathe was caused to revolve with great velocity, and the work required close attention; that said machine was of a dangerous character, by reason of the great speed at which it was operated; that the danger to the workmen using such machine could have been greatly lessened by the use of a shield or guard over the same; that such guard would have wholly protected the eyes and face of the operator from coming in contact with the instrument or

tools used in the work on said machine if thrown therefrom by its rapid motion; that such machine could have been so guarded without in any way interfering with or impairing its usefulness; that on August 8, 1907, appellant was in the employ of appellee, and his work was to operate said lathe; that on coming to work on said date he found that the dog-plate on said lathe, which he had been operating, had been removed; that one Roesner was foreman in said shop, and directed appellant to use a face-plate on said lathe in doing his work, which rendered said machine unsafe for the performance of such labor thereon; that the file furnished to appellant was without a handle, and was difficult to hold and dangerous to work with on the rapidly-revolving material in the machine, all of which was known to appellee; that said machine could have been so guarded as to have been safe in its defective condition caused by the use of said face-plate, but appellee negligently and carelessly failed to supply such guard; that appellant "began work upon such machine and attempted to perform his labor as directed by said foreman, but the defects in said machine and the absence of a handle to his file caused said file to be thrown from his hand and the absence of a guard suffered and permitted such file to come in contact with his left eye," whereby the sight of the same was destroyed and he was otherwise severely injured.

Appellant asserts, and appellee denies, that the lathe or machine on which appellant was working when injured comes within the provisions of the statute (§8029 Burns 1908, Acts 1899 p. 231) requiring certain machinery to be guarded.

In the light of recent decisions of this court and the Supreme Court, we hold that the averments make a case within the purview of the statute. *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 612, 88 N. E. 69; *Green* v. *American Car, etc., Co.* (1904), 163 Ind. 135, 139, 71 N. E. 268; *Baltimore, etc., R. Co.* v. *Cavanaugh* (1905), 35 Ind.

App. 32, 36, 71 N. E. 239; *Hoffmeyer* v. *State* (1906), 37 Ind. App. 526, 77 N. E. 372.

Appellee in his brief states: "The second paragraph of complaint was insufficient because the burden was on the plaintiff to allege facts sufficient to show that the plaintiff did not have knowledge and hence assume the risks from which the injury resulted." Since the averments are sufficient to charge a violation of a statutory duty, the doctrine of assumption of risk has no application to this paragraph of the complaint. *Jenney Electric Mfg. Co.* v. *Flannery* (1913), 53 Ind. App. ——, 98 N. E. 424; *American Car, etc., Co* v. *Clark* (1904), 32 Ind. App. 644, 648, 70 N. E. 828.

The following language in *United States Cement Co.* v. *Cooper, supra,* 613, is applicable here: "It is alleged * * * that the offending machine was dangerous from being uncovered and exposed; that the same might have been covered at a reasonable cost and without affecting its efficiency. We think these averments are sufficient to send these questions to the jury." The second paragraph states a cause of action under the statute, and the court erred in sustaining the demurrer thereto.

The case was tried on the first paragraph of the complaint, and at the close of appellant's evidence the court directed a verdict for appellee. This action of the court is made a cause for a new trial and the overruling of the motion for a new trial is assigned as error.

The sufficiency of the first paragraph of the complaint is not questioned by this appeal. Our decision on the sufficiency of the second paragraph of the complaint compels a reversal of the judgment.

3. The alleged error in refusing to admit certain evidence of a conversation between appellant and appellee's storekeeper, if error at all, is rendered harmless for the record shows that substantially the same facts were proved in another way.

Further consideration of the other questions raised by the motion for a new trial can serve no good purpose, for in the event the case is retried the evidence may not be the same and the questions here presented may not again arise.

The judgment is therefore reversed, with instructions to sustain the motion for a new trial, overrule the demurrer to the second paragraph of the complaint, and for further proceedings in accordance with this opinion.

NOTE.—Reported in 98 N. E. 1009. See, also, under (1) 26 Cyc. 1384; (2) 26 Cyc. 1397; (3) 38 Cyc. 1457. As to risks assumed by servants, see 52 Am. Rep. 737; 24 Am. St. 320. As to the master's duty to guard or enclose dangerous machinery. See note to *Brazil Block Coal Co.* v. *Gibson* (Ind.), 98 Am. St. 299. As to servant's assumption of risk of master's breach of statutory duty, see 6 L. R. A. (N. S.) 981; 19 L. R. A. (N. S.) 646; 22 L. R. A. (N. S.) 634; 33 L. R. A. (N. S.) 646; 42 L. R. A. (N. S.) 1229.