BAYH ET AL. *v.* ELLIS, TRUSTEE

[No. 14,995. Filed March 9, 1936.]

*Frank King, Albert M. Thayer,* and *John J. Kelly,* for appellants.

*Willis Hickam,* for appellee.

WIECKING, J.—In this action below Frank Wright filed his complaint against the appellants Fred C. Bayh, Bernard F. Bayh, John A. Bayh, Andrew Zeigler and Birch Bayh upon a promissory note, also making the Van Camp Hardware and Iron Company a defendant and alleging that Fred C. Bayh and Bernard F. Bayh were partners conducting the Bayh Hardware Company at Spencer, Indiana and that they had sold, transferred and assigned all of their stock in trade to the appellant, Van Camp Hardware and Iron Company, without any compliance with the Bulk Sales Law, asking judgment against the named appellants and that the Van Camp Hardware and Iron Company be adjudged a receiver for the stock in trade and be held accountable to said Wright. To this complaint the appellant Van Camp Hardware and Iron Company filed a demurrer for want of facts which was overruled by the court. After a hearing the Van Camp Hardware and Iron Company was adjudged a receiver for the goods, wares, merchandise and fixtures affected by reason of such transfer. Thereafter the venue of this action was changed from the Owen Circuit Court to the Putnam Circuit Court.

The appellants Fred C. Bayh and Bernard F. Bayh and Van Camp Hardware and Iron Company filed an answer in three paragraphs; the first in general denial; the second alleging the instrument executed to Van Camp was a chattel mortgage and the third alleging payment of the note sued upon before the commencement of the action. The court, after finding the facts

specially and stating its conclusions of law thereon, found for Wright and against the appellants, other than Van Camp Hardware and Iron Company, on the note sued upon in the sum of $3,330.12.

The appellants filed a motion for new trial which was overruled by the court and now prosecute this appeal assigning as error five grounds, but setting up in their brief as the error relied on for reversal only two of such grounds, that is, that (1) The court erred in overruling the separate demurrer of Van Camp Hardware and Iron Company to plaintiff's amended complaint and (5) The court erred in overruling the separate and several motion of each of the appellants for a new trial. None of the other specifications of error are discussed in appellants' brief and such specifications will be deemed to be waived under Rule 21 of this court.

The question on the action of the trial court in overruling the separate demurrer of Van Camp Hardware and Iron Company to plaintiff's amended complaint was appealed to the Supreme Court of this state after the appointment of the Van Camp Hardware and Iron Company as receiver under the Bulk Sales Law in this action. The Supreme Court held there was no error in overruling such demurrer. *Van Camp Hardware and Iron Company* v. *Ellis* (1935), (Ind.), 198 N. E. 75.

The grounds of the separate and several motion for new trial relied upon here are (1) The decision of the court is not sustained by sufficient evidence and is contrary to law and (2) certain rulings on testimony.

The note in this case was as follows:

"No. 34366     Due August 2d, 1925     $3,000.00
                                    Spencer, Ind., Feb. 3d, 1925.

On or before Six Months after date, for value received, I promise to pay to
                Order of The Spencer National Bank

At the Spencer National Bank of Spencer, Indiana, Three Thousand.............................................Dollars, with interest at the rate of seven per cent per annum after date until paid and attorney's fees; without relief from Valuation and Appraisement Laws. The drawers and endorsers severally waive all defenses on account of any extension of time, presentment for payment, protest, notice of protest and non-payment of this note.

| John A. Bayh | Bayh Hardware Co. |
|---|---|
| Andrew Ziegler | F. C. Bayh |
| B. E. Bayh | Bernard F. Bayh |

Address ........................................................................"

It will be noted that all of the parties to the judgment here appealed from signed the instrument on its face. The two paragraphs of answer on this note by all the defendants were an answer in general denial and a plea of payment. No question was raised by affirmative answer as to the capacity in which any of the parties signed the instrument or asking that they be held other than as makers or sureties.

Ordinarily, the legal relation of the parties to a bill or note to each other is presumed to be that indicated by the order in which their names stand upon it.

"In the absence of any special agreement the relation which parties to a bill or note bear to each other is to be determined by the instrument to which they are parties. Ordinarily, the signatures of parties to negotiable instruments have a well understood position on the paper. The payee is named in the body of the note, *the makers sign it upon its face below the body of the instrument,* and the indorser or guarantor signs his or her name upon the back." 3 R. C. L. 1122, Bills and Notes, Sec. 338.

Applying the above rules, all of the judgment defendants were makers or sureties. Very little distinction can be made whether these parties as among themselves were makers or sureties as it is well settled that in either case they all come within the class of those "primarily liable." They are by the

terms of the instrument absolutely required to pay the same. *Fox* v. *Terre Haute National Bank* (1920), 78 Ind. App. 666, 129 N. E. 33; 3 R. C. L. 1121; *Hedges* v. *Mehring* (1917), 65 Ind. App. 586, 115 N. E. 433; *Schooley* v. *Fletcher* (1873), 45 Ind. 86; *Campbell* v. *Gates* (1861), 17 Ind. 126.

Appellants also contend that the note sued on was paid when Frank Wright came into possession of it from the original payee. We do not agree with this contention. While Wright was a stranger to the note, the question of whether he purchased it or paid it is a question of fact.

"Whether a transaction between the holder of a promissory note and the person who pays the money is of such a character as to constitute a payment that will operate to extinguish the debt, is generally a question of fact. *Dougherty* v. *Deeny,* 45 Iowa 443; *Moran* v. *Abbey,* 63 Cal. 56; *Jones* v. *Bobbitt,* 90 N. C. 391; *Baloradsky* v. *Carlisle,* 14 Bradwell 289." *Binford* v. *Adams* (1885), 104 Ind. 41, 43, 3 N. E. 753.

The trial court by its finding numbered four found that in July, 1931, the Spencer National Bank "sold, transferred and delivered said note to the plaintiff, Frank Wright." While there may be some conflict in the evidence, inasmuch as there is competent evidence to sustain this finding of the court, we will not disturb it. This court will not weigh conflicting evidence but if there is some substantial evidence on a material point it will allow the finding of the trial court to stand. *Drimme* v. *Hendrickson* (1885), 51 Ind. App. 198, 99 N. E. 436; *Houk* v. *Citizens' National Bank of Crawfordsville,* (1885), 51 Ind. App. 628, 99 N. E. 437; *Parkers Fertilizer Ass'n.* v. *Harris* (1908), 42 Ind. App. 240, 85 N. E. 375; *Lett* v. *Eastern Moline Plow Co.* (1910), 46 Ind. App. 56, 91 N. E. 978; *Essex* v. *Millikan* (1928), 88 Ind. App. 399, 164 N. E. 284; *Morris* v.

*Pierson and Bro.* (1929), 91 Ind. App. 288, 168 N. E. 873.

The appellants in their brief discuss the question of the negotiability of the note, but we do not consider this question as controlling or necessary to a decision in this case.

The appellants under their propositions, points and authorities in their brief discuss three questions with reference to rulings of the trial court on evidence. The first error assigned is that of overruling the motion of the appellants that the testimony of Temple G. Pierson as to the sale to Frank Wright of the note in suit be stricken out. The appellants' motion to strike out was not made until the plaintiff rested his case and then on the ground that such evidence was based on hearsay alone. We find no error in the action of the trial court in overruling this motion. The witness testified he was the vice-president of the bank and knew the facts although he did not know who made the deal with Wright. It was not error to overrule the motion to strike out where the cross examination developed that the witness's answers were based partly on hearsay. "The credibility of the witness and the weight of his evidence as analyzed and dissected by the cross-examination were proper questions for the jury." *Maybin* v. *Webster* (1893), 8 Ind. App. 547, 35 N. E 194; *Willison* v. *McKain et al.*, (1894), 12 Ind. App. 78, 81, 39 N. E. 886; *Campbell* v. *Conner* (1895), 15 Ind. App. 23, 43 N. E. 453.

The second contention of appellants with regard to evidence is that the court erred in refusing to permit Frank Wright while testifying for the defendants to answer questions as to the circumstances under which the note in suit was paid to the Spencer National Bank and in refusing the offered testimony of the witness Wright that the payment of the

note in suit was made to the Spencer National Bank upon the insistence of the Banking Department of the United States. Even if the testimony offered were competent and pertinent evidence, we find no harmful error in its exclusion here. Temple G. Pierson had already testified to the same facts which appellants sought to prove and his testimony had not been contradicted. *Wheeler* v. *St. Paul etc. Stone Co.* (1921), 191 Ind. 75, 83, 132 N. E. 1; *Koehler* v. *Harmon* (1912), 52 Ind. App. 315, 98 N. E. 1009; *Carp and Co.* v. *Meyer* (1929), 89 Ind. App. 490, 494, 167 N. E. 151.

The last question presented is the alleged error of the court in excluding the offered testimony of the witness G. C. Klippel as to the nature of the transaction by which the property was transferred from Fred C. Bayh and Bernard F. Bayh to Van Camp Hardware and Iron Company. In our opinion there was no error in excluding the proferred testimony. It was not on a material matter in issue in the action. The question of the appointment of a receiver was only ancillary to the principal action, which was to obtain a judgment on the note in suit. The question of receivership had been disposed of long before the trial of this cause on its merits and Van Camp was then prosecuting an appeal from the judgment appointing them receiver. There was nothing to show that that judgment had been set aside so there was no issue involving the appointment of a receiver before the court at the time of the trial on the merits.

We conclude there was no error in the trial court in overruling the appellants' separate and several motion for new trial and the judgment of the trial court should be affirmed.

Judgment affirmed.